No. 85-103

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

IN RE THE MARRIAGE OF
SHELTON CROSS WILLIAMS,

Petitioner and Respondent,

and

DONNA LEA WILLIAMS,

Respondent and Appellant.

APPEAL FROM: District Court of the Fourth Judicial District,
In and for the County of Missoula,
The Honorable Douglas Harkin, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Gough, Shanahan, Johnson & Waterman; Ronald Waterman,
Helena, Montana

For Respondent:

Koch, McKenna, Goheen & Boggs; Gail H. Goheen,
Hamilton, Montana

Submitted on Briefs: July 25, 1985

Decided: February 20, 1986

Filed: FEB 20 1986

_____
Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

Donna Lea Williams (wife) and Shelton Cross Williams (husband) independently appeal an order of the Missoula County District Court which resolved reserved questions ancillary to the prior dissolution decree regarding maintenance, child support, valuation and division of marital assets. We affirm.

The issues on appeal are:

1. Was it error to award maintenance payments to the wife because of her career foregone during marriage, and to set the value at $162,597?

2. Did the District Court err in requiring that the maintenance payments be taxable as income to the wife and deductible to the husband, and in allowing the maintenance payments to be made without interest?

3. Did the District Court err by awarding all the income tax deductions for the minor children to the husband?

4. Did the District Court err when it included the Williams apartment property in the marital estate?

5. Did the District Court err in its valuation of the Ashberry apartment property, the Williams apartment property, and the personal property?

6. Did the District Court err in allowing the husband to manage specific monetary accounts of the children and to offset the children's education costs against maintenance or support?

7. Did the District Court err when it made the child support obligation subject to review in four years?

8. Did the District Court properly amend its judgment nunc pro tunc to require that the wife allow the husband to prepare and pay her income tax return for the tax year 1983

2

or be ordered to report a portion of the payments husband had made to her as maintenance?

The parties were married in December 1963. Eighteen years later they were divorced. Six children were born during the marriage. Presently, five are minors requiring support.

The wife received a Bachelor's degree in Art from Montana State University in June 1963, and currently holds a provisional teaching certificate in Art and English. She did not pursue a career in art or teaching after marriage, but remained at home to care for the children. The husband is an attorney licensed to practice law in Montana with an established law practice in Missoula. The law practice is a professional corporation, solely owned by the husband. There are two full-time and one part-time associates working for the firm.

At the time of dissolution, the net worth of the marital estate was approximately $600,000. The court divided the marital estate as follows:

|  | Husband | Wife |
|---|---|---|
| 2110 Greenough (Family home) | | $ 98,345.82 |
| 2.43 acre lot | | 77,000.00 |
| 1515 Ashberry Apts | $ 9,505.31 | |
| 1519 & 1521 Ashberry Apts | 25,935.58 | |
| 216 West Main | 17,956.55 | |
| Williams' Apartments | 89,839.54 | |
| University Apartments (after taxes and payment of attorney fees) | 16,900.00 | |
| Fox Farm road lots | 4,666.00 | |
| 130 West Broadway | 16,900.00 | |
| Sennes' Contract | 16,925.83 | |
| Keogh/IRA | 5,167.00 | |
| Williams Law Firm Pension | 17,900.00 | |
| Williams Law Firm, P.C. | 150,000.00 | |
| Personal Property | 25,132.83 | 25,745.00 |
| Tax Refund | | 1,800.00 |
| TOTAL | $396,294.64 | $202,890.82 |

The court found that the wife required maintenance for a reasonable period to allow her to complete her education and become employed. The wife was awarded $800 per month as maintenance and $1,353 per year for school fees and books beginning July 1984, and continuing until June 1988. The court also awarded the wife $162,597 additional maintenance, $16,259.70 a year for ten years commencing July 1988, with no interest to be paid on that amount. The court ordered that the husband could deduct the payments as maintenance for income tax purposes.

Husband and wife were awarded joint custody of the five minor children. The wife will have physical custody of the children seven months out of the year, and the husband will have custody five months. The husband was ordered to make support payments to the wife of $250 per child while the

4

children are residing with the wife and $100 per child while they are residing with him. All of the income tax deductions for the minor children were awarded to the husband.

The wife's, husband's and children's attorneys' fees were ordered paid from the proceeds of the sale of the University apartments.

I

Was it error to award maintenance payments to the wife because of her career foregone during marriage, and to set the value at $162,597?

The District Court found that the wife sustained career value losses of $162,597, which included $76,313 in lost retirement benefits and $86,284 in salary differential. Finding of fact 36 stated:

> 36. Donna introduced an economic consultant, Dr. Dennis O'Donald, to testify regarding Donna's income producing ability. Dr. O'Donald evaluated Donna's educational background, her job skills . . . As set forth below, the Court has found that Donna should be entitled to $16,259.70 per year for ten years as maintenance in addition to the $800.00 maintenance payment for the next four years. In consideration of this additional award of maintenance, the Court finds that the distribution of property hereinafter set forth is fair and equitable in light of all of the considerations set forth in section 40-4-202 MCA, and the Court rejects Donna's claims that she is entitled to any additional property distribution as a result of her claimed external contribution to the marriage.

The District Court concluded:

> Beginning four years following the date of this decree, Mike shall pay $16,259.70 a year for ten years to Donna for her claim against the estate. This sum will be paid on each anniversary of the date of this decree for ten years. No interest shall be paid on this amount; it shall be considered maintenance for tax purposes.

5

The husband contends that the District Court should not have considered the career evaluation losses of $162,597 for maintenance purposes or for any other purpose. We do not agree with that contention.

Section 40-4-203, MCA, sets forth the elements which a district court is required to consider in making a maintenance award. As pertinent here, § 40-4-203, MCA, states:

> (1) In a proceeding for dissolution of marriage . . . the court may grant a maintenance order for either spouse only if it finds that the spouse seeking maintenance:
>
> (a) Lacks sufficient property to provide for his reasonable needs; and
>
> (b) Is unable to support himself through appropriate employment . . .
>
> (2) The maintenance order shall be in such amounts and for such periods of time as the court deems just . . . after considering all relevant facts including:
>
> (a) The financial resources of the party seeking maintenance, including marital property apportioned to him, and his ability to meet his needs independently.
>
> . . .
>
> (c) The standard of living established during the marriage;
>
> (d) The duration of the marriage;
>
> . . .
>
> (f) The ability of the spouse from whom maintenance is sought to meet his needs while meeting those of the spouse seeking maintenance.

The District Court concluded that as a result of the wife's lost employment for a number of years during marriage, she suffered lost retirement benefits of $76,313. In other words, had the wife continued her employment during marriage, the $76,313 was the present value of the retirement benefits which would have accrued to her. Under § 40-4-203, MCA, it is appropriate to consider retirement benefits in determining

6

whether a spouse has sufficient property to provide for her reasonable needs, and whether she is able to support herself through appropriate employment. The terms sufficient property for reasonable needs and inability to support through appropriate employment have been discussed and interpreted as follows:

> The appropriate construction of the language of section . . . (1)(a) and (b) . . . is whether the spouse seeking maintenance lacks sufficient property and is unable to support herself through appropriate employment according to the standard of living established during the marriage. . . . We recognize there are public policy considerations behind rehabilitative spousal maintenance awards which, under appropriate circumstances, may give incentive to the spouse receiving maintenance to procure job skills so as to become self-sufficient. However, this public policy must be balanced with some:

> "realistic appraisal of the probabilities that the receiving spouse will in fact subsequently be able to support herself in some reasonable approximation of the standard of living established during the marriage, especially when a marriage of long-term duration is involved and the employment history shows a long-term absence of the spouse from the labor market with lack of a presently existing employment skill." Lindsay, 565 P.2d at 205.

In re Marriage of Dale A. Madson (1979), 180 Mont. 220, 224-25, 590 P.2d 110, 112-13. See also, Levandowski v. Levandowski (Mont. 1981), 630 P.2d 239, 38 St.Rep. 1002. We conclude that the District Court properly considered the loss of retirement benefits in computing a maintenance award for the wife.

In a similar manner, the District Court found a salary differential loss of $86,284 when it contrasted the salary the wife would have earned had she continued her outside employment during marriage with what she will be able to earn after the dissolution. Again, under the terms of the

7

statute, the consideration of such loss of earnings is significant in determining whether the wife is able to support herself through appropriate employment, and in considering her ability to meet her needs independently, together with the standard of living, duration of marriage, and ability of the husband to meet his needs while meeting the maintenance needs. We conclude that the District Court properly considered the salary differential in making a maintenance award to the wife.

The parties also discuss whether or not it would be appropriate to consider the sustained career value losses in making a distribution of property. While it is not necessary that we rule on this question, we do point out that § 40-4-202, MCA, sets forth in great detail the elements to be considered by the District Court in making an equitable apportionment of a marital estate. Included in those elements are the requirement that the court consider the opportunity of each of the parties for future acquisition of capital assets and income. It seems clear that lost retirement benefits and loss of earnings as a result of salary differential properly could be considered as the court looks at the ability of the wife to make an acquisition of both capital assets and income in the future.

The District Court here had a choice of distributing marital property to the wife or making an award of maintenance based upon the career value losses. The evidence submitted would have supported a property distribution from the marital estate had that been done. Instead, the District Court chose to award maintenance of $16,259.70 per year for ten years, beginning four years after the date of the decree.

We have extensively reviewed the findings of fact, conclusions and decree of the District Court. The District

8

Court made over 40 separate written findings of fact covering distribution of the marital estate, support of the children and maintenance for the wife. These findings and the record demonstrate careful consideration on the part of the District Court of the complex facts presented by the strongly contesting parties.

The findings of fact also show that the District Court carefully considered the needs of the wife in the next few years when education is reasonably required, and also her needs after that period up to and following retirement. In substance, the court concluded that the wife lacked sufficient property to provide for her reasonable needs during that period of time. The court considered the monetary effect of the foregone earnings, and after balancing all of the factors involved in a maintenance award under § 40-4-203, MCA, and considering the factors involved in the distribution of the marital estate under § 40-4-202, MCA, concluded that an award of maintenance was the appropriate manner of satisfying the reasonable needs of the wife. We approve the analysis of the District Court, and affirm the maintenance award to the wife in the total amount of $162,597.

The husband also contends that the District Court erred in valuing the lost retirement benefits and earnings in the amount of $162,597. The District Court heard conflicting testimony from two experts on the issue of the value of foregone earnings. "The trier of fact is free to disregard the expert testimony of one party and adopt the testimony of the other party as long as the other party's evidence is credible and substantial." Rose v. Rose (Mont. 1982), 651 P.2d 1018, 1020, 39 St.Rep. 1971, 1974. The District Court accepted the valuation submitted by the professor of economics, who testified as an expert for the wife. His

qualifications and method of valuation were clearly established and set forth. We conclude that the record contains substantial credible evidence to support the value selected by the District Court.

## II

Did the District Court err in requiring that the maintenance payments be taxable as income to the wife and deductible to the husband, and in allowing the maintenance payments to be made without interest?

The award of tax deductions is one factor among many which the court considers in determining an equitable division of the marital estate. "Where a property distribution ordered by a court includes a taxable event precipitating a concrete and immediate tax liability, such tax liability should be considered by the court before entering its final judgment." In re Marriage of Beck (Mont. 1981), 631 P.2d 282, 285, 38 St.Rep. 1054, 1058.

In substance, the District Court provided that the maintenance award was a tax deduction to the husband and taxable income to the wife. Here, the wife received a property distribution of $202,890.82 plus $9,600 per year maintenance for four years, $1,353 per year for four years for school fees and books, $11,150 per year in child support which decreases as the minor children become adults, and a yearly lump sum payment of $16,259.70 as additional maintenance beginning in four years.

We conclude that the District Court fairly balanced all of the factors to be taken into consideration, including as a key part of that balancing, the allocation of income tax consequences. We conclude that the District Court did not abuse its discretion in requiring maintenance payments to be taxable as income to the wife and deductible to the husband.

10

In addition, the wife contends that she should have been awarded interest on the total of $162,597. That contention could be made if that amount was a property distribution. However, maintenance accrues only as it becomes due. If the wife should die, the need for maintenance would terminate. Here the court chose to award maintenance over a period of ten years. We affirm the holding of the District Court that a award of future maintenance does not warrant an interest charge.

## III

Did the District Court err by awarding all the income tax deductions for the minor children to the husband?

This issue has been substantially answered by our preceding analysis. In awarding the husband the tax deductions, the District Court stated:

> Because of his higher income, the deductions would result in a greater tax savings to Mike, and it would provide him with a greater potential to provide funds for the future use of the children, which is to their benefits. In addition, the level of support to be paid by Mike for the children's use compels that he should be allowed to claim the children as a tax deduction.

We affirm the award of income tax deductions to the husband.

## IV

Did the District Court err when it included the Williams apartment property in the marital estate?

The husband testified that he and his parents bought the Williams apartment property together, but his parents paid the total down payment. He later paid them back for one-half of the down payment out of the profits made on the property. The husband contends that his interest in the property was a gift and therefore should not be included as a part of the

11

marital estate. There is substantial evidence to support a conclusion that a gift was not made. The husband contends more specific findings were required on the issue of gift. We conclude that the District Court need make specific findings only if it finds the contested property is a traceable gift. See In re Marriage of Herron (1980), 186 Mont. 396, 404, 608 P.2d 97, 101.

We affirm the inclusion by the District Court of the Williams apartment property in the marital estate.

V

Did the District Court err in its valuation of the Ashberry apartment property, the Williams apartment property and the personal property?

Husband argues that the court erred in not accepting his expert's appraisal value.

> The trial judge is free to select and reject appraisal values as he wishes, so long as there is substantial credible evidence in support of the values he selects. However, where the values presented at trial are widely conflicting, the trial judge must state the reasons for his selection. Where, as here, the trial judge states his reasons for selecting one appraisal over the others, there is no abuse of discretion.

In re Marriage of Glass (Mont. 1985), 697 P.2d 96, 100-01, 42 St.Rep. 328, 332 (citations omitted). Regarding the Williams and Ashberry apartment properties, the court stated that it accepted the appraisal offered by the wife's expert because it was more comprehensive, reflecting three different approaches to valuation. We conclude the court did not abuse its discretion in selecting the wife's appraisal.

Husband contends that the property distribution should be readjusted in his favor because some household furnishings were counted twice when the District Court divided the marital estate. It does appear that some furnishings may have

12

been counted twice. However, this Court will not attempt to review every element of a complex property distribution in the same manner as might be done if an accountant were auditing. Our function is to examine whether there is substantial evidence to support the property distribution. Viewing the overall apportionment in light of the District Court's comprehensive and extensive findings of fact, and considering the complexities involved, we conclude that the property distribution, including that of household furnishings, is affirmed.

VI

Did the District Court err in allowing husband to manage specific monetary accounts of the children and to offset the children's education costs against maintenance or support?

Wife contends that husband has mismanaged certain monetary accounts of the children and that an independent trustee should be appointed. The court stated in Finding of Fact No. 19:

> In order to address the concern that the appropriate accounts belonging to the children be kept separate from other accounts owned by the parties, the Court finds that Mike should provide Donna with an annual report on the condition of the funds held for the benefit of the children . . .

We find no abuse of discretion. The wife's concerns have been appropriately addressed and adequately provided for.

Wife argues that the court's amended order creates havoc in her future budget by allowing husband to offset the children's education against support or maintenance and by ordering her to share the uninsured medical costs of the children. Finding of Fact No. 21 states:

> It is reasonable to require both parties to contribute equally to the cost of maintaining the children in their private grade schools. The Court Orders that

13

> this should be accomplished by Mike
> paying all of the tuition and book pay-
> ment costs for the children as the same
> become due, and in turn, thereafter
> deducting 50 percent of those costs from
> future support and maintenance obliga-
> tions owing to Donna.

We find no abuse of discretion. The wife is capable of calculating when the offset should take place and will have twelve months each year to prepare her budget for the offset.

Husband was ordered to provide medical and dental coverage for the children and to select an appropriate plan. However, the court also ordered each parent to bear 50 percent of the uninsured medical and dental costs. The wife argues that the husband should pay all the uninsured costs. We find no abuse of discretion. We note that husband should use reasonable care to select a plan that is adequate and keeps uninsured costs to a minimum.

VII

Did the District Court err when it made the child support obligation subject to review in four years?

Wife contends that § 40-4-208, MCA, permits modification of a child support decree only upon a showing of changed circumstances so substantial and continuing as to make the terms unconscionable. Wife argues that husband intends the support obligation to be reviewed under a different standard. That contention is not an issue presently before us. The standard of review to be applied by the District Court in four years will be the standard then in effect under the appropriate statutes and cases. We will not presume the District Court will disregard the law. We conclude the court did not abuse its discretion in making the child support obligation subject to review in four years.

14

## VIII

Did the District Court properly amend its judgment nunc pro tunc to require that the wife allow the husband to prepare and pay her income tax return for the tax year 1983 or be ordered to report a portion of the payments husband had made to her as maintenance?

Finding of Fact No. 43 gave the wife a choice with regard to filing an income tax return for the year 1983:

> The . . . [husband] has paid to the . . . [wife] the sum of $22,534.00 during the 1983 tax year. . . . [Husband] has requested the . . . [wife] to allow him to prepare the returns for both parties . . . with the understanding that if . . . [husband] were allowed to do so, he would pay all taxes due and owing . . .
>
> . . .
>
> The Court Orders that . . . effective January 1, 1983, that $200.00 per month of the payments made by . . . [husband] to . . . [wife] in 1983 for each of the parties' five minor children be treated as child support (for a total of $12,000) and the balance of $10,534 shall be treated as maintenance . . . with . . . [husband] entitled to deduct the same from his taxes, and . . . [wife] Ordered to declare those amounts as income; or, in the alternative, at . . . [wife's] option, that the arrangement proposed by . . . [husband] for preparation of both parties' returns in 1983 as set forth above shall be implemented providing that if . . . [wife] chooses this option, she pays all penalties and interest if she has not requested extensions in the filing of her return, . . . In the event . . . [wife] fails to provide the necessary tax information and execute the documents within the time limitations set forth, . . . [husband] may proceed by filing a separate return declaring alimony as described in the first alternative set forth above.

The wife argues that the retroactive order will be considered invalid by the Internal Revenue Service. She bases this argument on various United States District Courts cases. No Montana federal district court cases or Ninth

15

Circuit Court of Appeals cases are cited as authority to us. State district court's, of course, do not have jurisdiction to determine deductibility under the Internal Revenue Service Code. That is reserved to the federal courts.

We conclude that the choice offered the wife was equitable in view of the overall distribution and award. We hold that the court did not abuse its discretion in awarding the husband maintenance nunc pro tunc.

We affirm the District Court in all respects.

_____
Justice

We concur:

Justices