No. 86-228

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

IN RE THE MARRIAGE OF
JEAN McINNES KINK,

        Petitioner and Respondent,

  and

PAUL MARTIN KINK,

        Respondent and Appellant.

APPEAL FROM: District Court of the Eighteenth Judicial District,
In and for the County of Gallatin,
The Honorable Joseph B. Gary, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Joseph W. Sabol, Bozeman, Montana

    For Respondent:

        Edmund P. Sedivy, Bozeman, Montana

Submitted on Briefs: Feb. 5, 1987

Decided: April 7, 1987

Filed: APR 7 - 1987

_____
Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

Respondent husband appeals the order of the District Court of the Eighteenth Judicial District in and for Gallatin County, Montana. He challenges the court's jurisdiction to amend its original findings of fact and conclusions of law. We affirm the District Court.

Paul and Jean Kink's seven year marriage was dissolved May 21, 1984. Each party had been married previously. Jean had three children from her previous marriage for whom she received $200 per month per child support. At the dissolution of that marriage she received a home in Bridger Canyon, Montana, furnishings, a car, interests in some contracts, and $300,000 cash. She invested these assets and at the time of the marriage to Paul she had considerable net worth.

Paul had been married three times prior to his marriage to Jean. He had few assets and substantial debt when he married. A few days before their marriage he borrowed $6,000 from her to pay off a debt, and several months later he borrowed $29,400 to pay other debts.

Paul worked as a stock broker. During the early years of the marriage his income was used to pay off his debts of $78,000, and the family basically was supported by Jean's earnings from pre-marriage investments. After his debts were paid, Paul spent considerable money purchasing and raising Clydsdale and Belgian draft horses, and related tack, tools, and wagons.

In September 1980, the parties bid to purchase some property known as the Bohart Ranch, consisting of nearly 300 acres near the Bridger Bowl ski area. At the time they made their bid, they wrote a letter to the heirs of the late owner

advising them of their (Kinks') intent to preserve the property for cross country skiing and to keep the property from falling into the hands of developers. The Kinks' bid was accepted. Jean made a downpayment of over $18,000 and mortgaged her home, enabling them to borrow $225,000 from the Federal Land Bank.

The marriage was dissolved in May 1984. The District Court retained jurisdiction to determine the division of the marital property. Following a four day trial, the court awarded Jean the original assets she had brought into the marriage and certain assets which had been purchased during the marriage from the proceeds of sale of pre-marriage assets and earnings. Paul was awarded the Bohart property, the proceeds of a personal injury claim, and his rights to an unliquidated slander and wrongful termination claim. To equalize the property division, he was ordered to pay to Jean $82,541, in ten equal installments, and to remove the mortgage from Jean's home within three years. In awarding the Bohart property the court fashioned a joint venture between the parties for seven years.

Both parties filed motions to amend these findings and a hearing was held. Subsequently the court ordered the parties to appear for the limited purpose of testifying to the respective proposals for handling the Bohart property. The court then issued amended findings of fact and conclusions of law. Respondent's motion to set aside the amended findings was denied and he appeals.

Appellant contends the District Court lacked jurisdiction to issue the amended findings because it failed to rule on the motions to amend within 45 days, pursuant to Rules 52(b) and 59(d), M.R.Civ.P. Rule 52(b) says:

> Upon motion of a party made not later than 10 days after notice of entry of

3

> judgment the court may amend its findings
> or make additional findings and may amend
> the judgment accordingly. The motion may
> be made with a motion for a new trial
> pursuant to Rule 59. When findings of
> fact are made in actions tried by the
> court without a jury the question of the
> sufficiency of the evidence to support
> the findings may thereafter be raised
> whether or not the party raising the
> question has made in the district court
> an objection to such findings or has made
> a motion to amend them or a motion for
> judgment.

Rule 59(d) provides in pertinent part that "[i]f the court shall fail to rule on a motion for new trial within 45 days from the time the motion is filed, the motion shall, at the expiration of said period, be deemed denied."

Jean argues the District Court's order of November 8, 1985, is in effect a ruling on the motions to amend the findings and conclusions. The order was issued 44 days after Jean filed her motion to amend, and 39 days after Paul's was filed. We do not conclude the order to be such a ruling, however. It is not styled as such, nor do its contents so indicate. The parties are ordered to appear for the purpose "of testimony limited to the respective proposals of handling the Bohart property and the retention of the cross country ski courses upon the same." This appears to be an order for a new trial and was so considered by the District Court. Rule 59(e), M.R.Civ.P.:

> Not later than 10 days after entry of
> judgment the court of its own initiative
> may order a new trial for any reason for
> which it might have granted a new trial
> on motion of a party. After giving the
> parties notice and an opportunity to be
> heard on the matter, the court may grant
> a motion for a new trial, timely served,
> for a reason not indicated in the motion.

4

Rule 59(f), M.R.Civ.P. says:

> [A]ny order of the court granting a new trial, shall specify the grounds therefor with sufficient particularity as to apprise the parties and the appellate court of the rationale underlying the ruling, and this may be done in the body of the order, or in an attached opinion.

Grounds for a new trial are set forth in § 25-11-102, MCA. The section provides no time constraints. The only time constraint on the District Court to order a new trial on its own initiative is that it be done within ten days of entry of judgment. No judgment had been entered on November 8. The order expressed the court's concern "about the Cross Country course laid out on the Bohart property," and ordered a hearing on that issue only. Both parties presented testimony without objecting to the court's jurisdiction.

Not only does a district court have jurisdiction to order a new trial on its own initiative pursuant to Rule 59(e), M.R.Civ.P., it has broad discretion to reopen a case. Rule 59(a) M.R.Civ.P. applies when a party desires a new trial, not when a case is reopened to receive further testimony.

> It is well settled that the ruling on a motion to reopen a case for taking further testimony is within the sound discretion of the district court, which will only be reversed on appeal for manifest abuse of that discretion. [Citations omitted.]

Compton v. Alcorn (1976), 171 Mont. 230, 236, 557 P.2d 292, 296. Jean's motion was a motion to amend and to reopen. We find the court had jurisdiction to order a new trial on its own initiative, or to reopen the case. Thus it had jurisdiction to amend the findings of fact and conclusions of law.

Paul also argues the court abused its discretion when dividing the marital assets. We will not disturb a lower court's ruling unless there is clear error amounting to abuse of discretion. Rule 52(a), M.R.Civ.P. The test of abuse of discretion is whether the trial court acted arbitrarily without employment of conscientious judgment or exceeded the bounds of reason resulting in substantial injustice. In re Marriage of Goodman (Mont. 1986), 723 P.2d 219, 220, 43 St.Rep. 1410, 1412.

A careful examination of the revised findings does not reveal abuse. Paul contends the District Court erred in adopting the trial date as the date of distribution, with a resulting change in valuation figures. Paul's trial counsel argued for use of that date, however. Appellant counsel cannot now put the court in error. Further, it must be noted the amended order did not change the value of the items complained of. The marital estate was valued at slightly over one million dollars. Jean brought well over $400,000 worth of assets to the marriage, while Paul was over $70,000 in debt at the time of the marriage. His earning capacity continued to increase during the marriage. He acquired, and was allowed to keep, considerable personal property. The amended order awarded him assets valued at $182,500 and ordered Jean to pay to Paul a cash settlement of $100,561, plus interest, for real property which Jean retained. He has no debts.

There is sufficient evidence the court employed conscientious judgment in dividing the marital estate. A hearing was held on the motions to amend the first findings and conclusions. It then ordered a new trial on the issue of disposition of the Bohart property. It considered the earning capacity and contributions to the family of both Paul

6

and Jean, the assets Jean brought to the marriage and Paul's financial liabilities.

> The property and assets of the parties are extensive and complex. We will not attempt to review every element of a complex property distribution . . . Our function is to examine whether there is substantial evidence to support the property distribution. In re Marriage of Williams (Mont. 1986), 714 P.2d 548, 554, 43 St.Rep. 319, 327. We find there is substantial credible evidence to support the property division.

In re Marriage of Goodman, supra at 222, 43 St.Rep. at 1414.

The order of the District Court is affirmed.

Justices

We concur:

Chief Justice

Justices