No. 87-404

IN THE SUPREME COURT OF THE STATE OF MONTANA

1988

IN RE THE MARRIAGE OF
NORDIS J. POWELL,

        Petitioner and Respondent,

   and

ARLO W. POWELL,

        Respondent and Appellant.

APPEAL FROM:  District Court of the Eleventh Judicial District,
               In and for the County of Flathead,
               The Honorable Michael Keedy, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        George B. Best, Kalispell, Montana

    For Respondent:

        M. Dean Jellison, Kalispell, Montana

Submitted on Briefs:  Feb. 4, 1988

Decided:  March 8, 1988

Filed:  **MAR 8 - 1988**

*Ethel M. Harrison*

_____
Clerk

Mr. Justice William E. Hunt, Sr., delivered the Opinion of the Court.

Arlo Powell appeals the property settlement ordered by the District Court of the Eleventh Judicial District, Flathead County.

We affirm.

The issues raised on appeal are as follows:

1. Did the District Court err in admitting into evidence petitioner's Exhibits A, B and C and further compound the error by denying the admittance of respondent's deposition?

2. Did the District Court abuse its discretion by failing to base the finding of value of marital property and the respondent's individual net worth on credible evidence?

3. Did the District Court abuse its discretion by failing to properly consider the elements of § 40-4-202, MCA?

Petitioner, Nordis Powell (wife) and respondent, Arlo Powell (husband) were married on February 2, 1975 in Chico, California. At that time, wife was 62 years old and husband was 55 years old. Wife is a retired civil servant. During their marriage husband worked for a few years as a telephone industry consultant in private practice but has since retired. Both parties held substantial assets at the time of their marriage. Wife had approximately $80,000, mostly in certificates of deposit, stocks and bonds. Husband had a net worth of approximately $144,000. During the course of their marriage, the parties kept their accounts and assets totally separate. Each paid for specific things with each providing exclusively for their own personal needs and expenses.

The parties were married for approximately eight years. They separated in March, 1983. The decree of dissolution was

entered on March 26, 1985, reserving the property settlement until a later date.

At a hearing at which only the wife, her attorney and husband's attorney appeared, the court found that, at the time of their separation, the parties' marital estate was worth approximately $862,000. As of May 31, 1984, wife's assets were found to have increased from $80,000 to approximately $137,000. The court found that on April 10, 1983, husband's assets had increased from $144,000 to approximately $725,000. The court found no formal antenuptial agreement was drafted by the parties, yet it was clear from the parties conduct throughout their marriage that they intended to keep their assets separate, retaining them for eventual distribution to their children from prior marriages.

Husband's first alleged error concerns the admission of certain evidence by wife and the exclusion of husband's deposition as evidence.

Wife petitioned the court for dissolution on July 24, 1983. In spite of wife's attempts to conduct discovery relating to husband's assets, husband refused to candidly answer interrogatories or cooperate with the discovery process. Husband was held in contempt of court for transferring property held in his name to his son despite a restraining order prohibiting the transfer or sale of any assets pending the final property distribution. After numerous delays, a hearing date was set to resolve the property distribution. Husband requested a further continuance, which was denied by the court. Husband failed to show up for the hearing, but gave no excuse or reason for his absence other than his attorney having difficulty in locating him to give him notice of the hearing.

Wife appeared with her attorney at the hearing and gave testimony concerning the parties' assets. Wife introduced Exhibit A, which was a document prepared by husband, in husband's handwriting, dated January 10, 1974. The document was an inventory of husband's assets and liabilities at the time of his previous wife's death, for estate purposes. Wife found the original document among her husband's papers and copied it, presenting the copy to the court as evidence of husband's net worth near the date of their marriage.

Wife's Exhibit B was also a document prepared by husband in his handwriting. It is an inventory of his assets and liabilities as of April 10, 1983. Wife obtained this document in the same manner as she obtained the document in Exhibit A. The court accepted both of these as relevant evidence accurately depicting husband's assets and liabilities on January 10, 1974 and April 10, 1983. Wife's Exhibit C was prepared by her attorney for illustrative purposes. Exhibit C copied all of the information contained in Exhibits A and B so that they were more easily read and compared. Exhibit C also contained wife's assets and liabilities on the date of the parties' marriage and on May 31, 1984, just following their separation. At the hearing, wife verified the amounts as accurate. The court admitted Exhibit C for illustrative purposes.

We hold that Exhibits A, B, and C were properly admitted. Under Rule 801(d)(2), M.R.Evid., Exhibits A and B were properly admitted. An admission by a party-opponent is not hearsay and is admissible if the statement is offered against a party and is his own statement. The copies of the original documents were admissible under Rule 1004(3), M.R.Evid. Exhibit C was properly admitted for illustrative purposes. Rule 1006, M.R.Evid.

Since husband did not appear at the hearing, his attorney offered his deposition and several affidavits as evidence of his testimony. Rule 32(a), M.R.Civ.P. outlines the uses of depositions in court proceedings. Husband argues that his deposition should have been admitted pursuant to Rule 32(a)(3) which allows the use of a party's deposition if that person is at a distance greater than 100 miles from the place of the hearing.

No proof was offered at the hearing that husband was unable to attend because of too great a distance to travel. The record did indicate, however, that husband was uncooperative with the court and the opposing party throughout the proceedings and decided not to attend the hearing for personal reasons. The decision not to attend was husband's prerogative, but he cannot later introduce testimony which cannot be verified or cross-examined. We hold that the court properly refused to admit husband's deposition as evidence at the hearing.

Husband's next contention is that the District Court erred by failing to base the values placed on the marital estate at the time of separation and his individual net worth at the time of marriage on credible evidence. All the court had to base its calculations on were the exhibits and testimony introduced by wife. No evidence was presented to refute either the value which she placed on the net worth of her assets at the time of marriage, nor the net worth of her assets at the time the parties separated. The evidence presented to the court evidencing husband's assets at the time of marriage and date of separation were documents prepared by husband himself near the dates in question. These figures are reasonably reliable.

"The trial judge is free to select and reject appraisal values as he wishes, so long as there is substantial credible

evidence in support of the values he selects." In re Marriage of Williams (Mont. 1986), 714 P.2d 548, 554, 43 St.Rep. 319, 326. (Quoting In re Marriage of Glass (Mont. 1985), 697 P.2d 96, 100-01, 42 St.Rep. 328, 332 (citations omitted).) In order to prevail on appeal, husband must show an abuse of discretion by the District Court and overcome the presumption that the judgment of the District Court is correct. In re Marriage of Blades (Mont. 1984), 692 P.2d 1215, 1217, 41 St.Rep. 1806, 1809. We find no evidence that the District Court abused its discretion in relying on the evidence presented.

Husband's last contention is that the District Court did not properly consider the elements of § 40-4-202, MCA, in dividing the marital estate. In this case, both parties entered a marriage with considerable personal assets. Although no formal antenuptial agreement existed, the conduct of the parties during their marriage reflected their intent to keep separate those assets which they brought into the marriage. Premarital property is a factor which the court shall and, in this case, did consider, but the court is not bound to restore the parties to their premarital status. In re the Marriage of Tonne (Mont. 1987), 733 P.2d 1280, 1283, 44 St.Rep. 411, 414; In re the Marriage of Keepers (Mont. 1984), 691 P.2d 810, 812, 41 St.Rep. 2163, 2165-66.

In its findings of fact, the District Court considered the duration of the parties' marriage, their respective ages and health, their retired status and apparent needs and wife's contributions as a homemaker during their marriage. From the findings, the District Court concluded that each party should be awarded the value of the property he or she originally contributed to the marital estate. This amount was $80,000 for the wife and $144,000 for the husband.

The court found that the value of the marital estate on the date of the parties' separation was $862,000. Although wife requested half of the increase ($638,000 ÷ 2 = $319,000), the court awarded her only the corresponding percentage of the appreciated estate she had contributed when married. This amounted to $170,714 with 10 percent interest from the date of separation.

The District Court has far-reaching discretion in the division of marital property. In re Marriage of Perry (Mont. 1985), 704 P.2d 41, 43, 42 St.Rep. 1101, 1104. We find no error nor abuse of discretion by the court in this case.

Affirmed.

_____
Justice

We concur:

_____

_____

_____

_____
Justices