No.  92-396

IN THE SUPREME COURT OF THE STATE OF MONTANA

1993

DOUGLAS J. PIERCE,

     Plaintiff, Respondent,
     and Cross-Appellant,

-v-

ALSC ARCHITECTS, P.S.,
a Washington professional
service corporation,

     Defendant and Appellant.

FILED

0 1993

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:  District Court of the Eleventh Judicial District,
               In and for the County of Flathead,
               The Honorable Michael H. Keedy, Judge presiding.

COUNSEL OF RECORD:

     For Appellant:

          I. James Heckathorn, Murphy, Robinson, Heckathorn &
          Phillips, Kalispell, Montana

     For Respondent:

          Roger M. Sullivan, McGarvey, Heberling, Sullivan &
          McGarvey, Kalispell, Montana

Submitted on Briefs:  April 30, 1993

Decided:  July 20, 1993

Filed:

Clerk

Justice Fred J. Weber delivered the Opinion of the Court.

This is an appeal by ALSC Architects, P.S., of the Order of the District Court of the Eleventh Judicial District, Flathead County, which granted plaintiff's motion for judgment notwithstanding the verdict and ordered a new trial on the remaining issues. We reverse and remand.

The parties present the following issues for review:

1. Did the District Court's order granting judgment notwithstanding the verdict and ordering a new trial on the remaining issues have any force or effect?

2. Did the plaintiff file a timely notice of appeal?

Douglas J. Pierce (plaintiff) brought a negligence action against ALSC Architects, P.S. (defendant) as a result of personal injuries he received when he fell through a false ceiling in the Rosauer's store in Kalispell, Montana. On November 1, 1991, after a trial, the jury returned a verdict in favor of defendant. On November 7, 1991, plaintiff filed timely Rule 50(b) and 59(a) post-trial motions for judgment notwithstanding the verdict and for a new trial, respectively. On November 8, 1991, counsel for defendant presented the District Court with a judgment on the jury verdict for the court's signature. This judgment has never been signed by the District Court and, thus, never entered for the defendant.

The District Court did not rule on plaintiff's motions within 45 days as required by Rule 59(d). Plaintiff's counsel advised the District Court by letter dated December 17, 1992, that the court

2

had not ruled on the plaintiff's motion for judgment notwithstanding the verdict or a new trial. On January 14, 1992, plaintiff's counsel again sent a letter to the District Court advising the court that the motions had not been ruled on and defendant's proposed judgment had not been signed. On January 17, 1992, the District Court issued an order ruling that "judgment n.o.v. be entered for the Plaintiff on the issue of Defendant's negligence, with a new trial to determine all remaining issues raised by the pleadings."

Without knowledge of the District Court's January 17th order, counsel for plaintiff signed plaintiff's Notice of Appeal and filed it with the Flathead County Clerk of Court. The notice was stamped by the clerk's office at 3:19 p.m. on January 21, 1992. Plaintiff's counsel also requested transmittal of the District Court record to the Supreme Court, gave a check for the filing fee to the Clerk of Court's office and requested that the court reporter prepare a trial transcript.

On January 22, plaintiff's counsel was contacted by the clerk's office and informed that the District Court had issued an order dated January 17, 1992, granting judgment notwithstanding the verdict and ordering a new trial on all other issues raised in the pleadings. Plaintiff's counsel was asked if he wished to withdraw the Notice of Appeal. Plaintiff's counsel advised the clerk's office the following day, January 23, 1992, that the notice of appeal could be withdrawn. No motion for withdrawal, notice of motion for withdrawal, or order for withdrawal was filed. The original Notice of Appeal and counsel's check were returned by the

3

clerk's office. The Notice of Appeal was returned with the Clerk of Court's "filed" stamp obliterated with correction fluid.

On January 24, 1992, plaintiff filed a Notice of Entry of Judgment and filed a Motion for a Scheduling Order. On January 28, 1992, counsel for the defendant filed defendant's Notice of Appeal. Subsequently, defense counsel filed a petition for a Writ of Supervisory Control when the clerk's office scheduled a scheduling conference after he had filed a notice of appeal. This was denied on April 2, 1992. Plaintiff's counsel submitted the returned original Notice of Appeal and check for $75.00 to the Clerk of the Supreme Court in his appendix to his brief in response to defendant's petition for writ of supervisory control.

## I.

Did the District Court's order granting judgment notwithstanding the verdict and ordering a new trial on the remaining issues have any force or effect?

We begin our journey through this procedural mire by noting that both a Rule 50(b), motion for judgment notwithstanding the verdict and a Rule 59(a) motion for a new trial are subject to the 45-day time limit allowed the district court for ruling on these motions by Rule 59(d), M.R.Civ.P. The 45-day period is mandatory. See, In re the Marriage of Miller (1989), 238 Mont. 108, 111, 776 P.2d 1218, 1220. Moreover, the 45-day period begins to run from the date the motion is filed whether or not the judgment has been entered. Miller, 776 P.2d at 1220. The District Court ruled on plaintiff's motions 71 days after they were filed. We conclude that despite the fact that judgment had not been entered, the 45-

4

day period began to run when plaintiff's motions were filed.

We hold the plaintiff's motions were denied by operation of law under Rule 59(d), M.R.Civ.P., when the District Court did not rule within 45 days of filing the motion.

Our next inquiry is whether or not the District Court's order dated January 17, 1992 is nonetheless effective under Rule 59(e), M.R.Civ.P., as contended by plaintiff. Rule 59(e), M.R.Civ.P., provides:

> **Rule 59(e). On initiative of court.** Not later than 10 days after entry of judgment the court of its own initiative may order a new trial for any reason for which it might have granted a new trial on motion of a party. After giving the parties notice and an opportunity to be heard on the matter, the court may grant a motion for a new trial, timely served, for a reason not stated in the motion.

Plaintiff contends that Rule 59(e), M.R.Civ.P., vests the court with jurisdiction until 10 days after entry of judgment. As noted above, the District Court did not sign the judgment submitted by defendant. Defendant contends that by granting the motions after the 45-day period had expired, the District Court was without jurisdiction to enter the order and, therefore, the order is of no force or effect.

Plaintiff relies on In re Marriage of Kink (1987), 226 Mont. 313, 735 P.2d 311, for his argument that the District Court retains jurisdiction to order a new trial until 10 days after entry of judgment. In Kink, the district court ordered a further evidentiary hearing after both parties moved to amend the findings and conclusions. The court's order was within the 45-day time period after filing of both motions. An argument was made that the

5

court lost jurisdiction to rule on the motions because at the time the court amended the findings and conclusions, the 45-day period had expired. This Court concluded that the District Court's order, issued prior to the expiration of the 45-day period, was in fact an order for a new trial. Kink, 735 P.2d at 313.

Defendant contends that this case is distinguishable from Kink because here we had passed the 45-days at the time the court granted plaintiff's motion and that if the Kink district court had waited until the 45 days expired, it would have lost jurisdiction. We agree with the defendant that the expiration of the 45-day period affected the District Court's jurisdiction. However, the District Court lost jurisdiction for the issue only; it did not lose jurisdiction to order a new trial under Rule 59(e).

The District Court's order here specifically states that it is based on the plaintiff's motion:

> Upon motion of the plaintiff and good cause appearing therefor,
>
> IT IS HEREBY ORDERED that judgment n.o.v. be entered for the Plaintiff on the issue of Defendant's negligence, with a new trial to determine all remaining issues raised by the pleadings.

The District Court was without jurisdiction to grant a new trial for reasons stated in the plaintiff's motion. Clearly, the court's order, as set forth above, grants a new trial based on plaintiff's motion. We conclude that the court lost jurisdiction to grant plaintiff's motion for any of the reasons stated in the motion 45 days after it was filed.

We hold the District Court's Order granting judgment notwithstanding the verdict and granting a new trial to determine

6

all remaining issues raised by the pleadings is of no force or effect.

## II.

Did the plaintiff file a timely notice of appeal?

By vacating the District Court's order granting plaintiff's motion, we reinstate the denial of the same by operation of law. The question then becomes whether or not this Court will consider the merits of plaintiff's appeal from the denial of his motion. As explained below, we decline to rule on this issue.

The procedural facts of this case, as noted above, are quite confusing. Plaintiff's Notice of Appeal was signed and delivered to the Clerk of Court and stamped by the clerk's office at 3:19 p.m. on January 21, 1992. Plaintiff's counsel also requested transmittal of the District Court record to the Supreme Court, gave a check for the filing fee to the Clerk of Court's office and requested that the court reporter prepare a trial transcript.

On January 22, 1992, plaintiff's counsel was contacted by the Clerk of Court's office and informed that Judge Keedy had issued an order dated January 17, 1992 in favor of plaintiff and granting plaintiff's post-trial motion for judgment notwithstanding the verdict and ordering a new trial on all other issues raised in the pleadings. Plaintiff's counsel was asked if he wished to withdraw plaintiff's Notice of Appeal. Plaintiff's counsel advised the Clerk of Court's office the following day that the Notice of Appeal could be withdrawn. No entry in the clerk's permanent record remains to show the appeal was filed. However, the docket contains a blank space which has been corrected to remove an entry.

7

The Notice of Appeal was returned to plaintiff's counsel with the Clerk of Court's stamps obliterated with correction fluid. The original Notice of Appeal and counsel's check in the amount of $75.00 were then returned by the clerk's office. No motion for withdrawal, notice of motion for withdrawal, or order for withdrawal was filed. Plaintiff's check and Notice of Appeal were included with documents sent to this Court in March of 1992 in response to defendant's application for a writ of supervisory control. In a document filed with this Court, however, the parties stipulated for purposes of this appeal, that plaintiff would be denominated respondent and cross-appellant and defendant would be denominated appellant and respondent.

Plaintiff now contends that his Notice of Appeal was effectively filed when delivered to the Clerk of Court and that his counsel's oral directive to withdraw the Notice of Appeal after it had been delivered was insufficient. He further contends that only a properly withdrawn notice of appeal will divest this Court of its jurisdiction.

This Court has jurisdiction after the filing of the notice of appeal except for the District Court's limited jurisdiction to dismiss the appeal when it has not been docketed by the Clerk of the Supreme Court. Plaintiff's appeal has not been docketed by the clerk as of the date of this writing.

> Rule 4(a), M.R.App.P., provides in pertinent part:
> Failure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, <u>but is ground only for such action as the supreme court deems appropriate, which may include dismissal of the appeal</u>. (Emphasis added.)

8

Rule 4(a) allows this Court to dismiss an appeal on appropriate grounds.

We conclude that dismissal of plaintiff's appeal is appropriate in this case. We do note that the procedural errors which caused the problems in this case resulted from the conduct of the District Court Judge and not of either counsel. Counsel for defendant presented a proper document to the District Court for signature. It was the obligation of the District Court to enter judgment promptly upon submission. In addition, plaintiff's counsel filed timely motions which were not ruled on during the time allowed for these motions under the Rules of Civil Procedure. Plaintiff's counsel notified the District Court that the court had not ruled on the motions and had not entered judgment. The subsequent order filed when the court was without jurisdiction caused needless confusion with all concerned.

Because we conclude that the District Court's order granting a new trial was improper and because we direct the entry of judgment for defendant in accordance with the jury's verdict, we conclude that either party will then have the amount of time allowed by law in which to file a notice of appeal from that judgment. In view of that conclusion, we do not find it necessary to address the issue of the adequacy of the notice of appeal.

We vacate the Order of the District Court granting plaintiff's motion for judgment notwithstanding the verdict and ordering a new trial on remaining issues; and remand to the District Court for an order to enter the judgment in favor of the defendant pursuant to the jury's verdict.

Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

July 21, 1993

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:


I. James Heckathorn
Murphy, Robinson, Heckathorn & Phillips
P. O. Box 759
Kalispell, MT  59903-0759

Roger M. Sullivan
McGarvey, Heberling, Sullivan & McGarvey
745 S. Main
Kalispell, MT  59901


ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
    Deputy