25CA0758 Marriage of Sanchez 06-25-2026

COLORADO COURT OF APPEALS

Court of Appeals No. 25CA0758
Adams County District Court No. 22DR670
Honorable Teri L. Vasquez, Judge

In re the Marriage of

Susanna Janette Sanchez,

Appellee,

and

Alejandro Omar Sanchez,

Appellant.

ORDER AFFIRMED

Division VII
Opinion by JUDGE PAWAR
Sullivan and Meirink, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced June 25, 2026

No Appearance for Appellee

Alejandro Omar Sanchez, Pro Se

¶ 1     In this post-decree dissolution of marriage case, Alejandro Omar Sanchez (husband) appeals the district court's order amending the parties' separation agreement in favor of Susanna Janette Sanchez n/k/a Susanna Janette Reynoso (wife).  We affirm.

## I.     Background

¶ 2     The court entered a decree of dissolution of marriage dissolving the parties' marriage and adopting their separation agreement in August 2022.  The parties were unrepresented.

¶ 3     Two years later, wife filed a motion to amend the terms of the separation agreement.  In a written order, the district court construed wife's motion as a motion for relief under C.R.C.P. 60(b)(5) and set the matter for a hearing.  Husband did not respond to the motion and did not appear at the hearing.

¶ 4     At the first hearing date, the court expressed concerns about whether husband had received notice of the hearing because notices of the motion, a delay prevention order, and the hearing were mailed to husband in North Carolina and returned to the court as undeliverable.  Accordingly, the court reset the hearing to provide husband with adequate notice.

¶ 5     At the rescheduled hearing, the court found that adequate notice was sent to husband's address in Lochbuie, Colorado.  It based its finding on wife's sworn representation, during the prior hearing, that husband lived at that address.  The court found that husband knowingly and flagrantly failed to appear for the hearing despite adequate notice, and it proceeded in his absence.

¶ 6     Wife testified that she was physically and mentally unwell during the separation process and had attempted suicide ten days before entering the separation agreement.  She further testified that husband abused her physically, emotionally, and financially throughout their marriage and that he exerted extreme control over her personal decisions.

¶ 7     The district court found wife's testimony credible and determined that the separation agreement was unconscionable, justifying relief under C.R.C.P. 60(b)(5).  *See* C.R.C.P. 60(b)(5) (authorizing vacatur for "any other reason justifying relief from the operation of the judgment").  The court amended the terms of the separation agreement, requiring husband to make an equalization payment to wife in the amount of $72,070 and extending the duration of maintenance, among other provisions.

¶ 8    Husband appeals.  He argues he did not receive proper notice of the hearing, the court based its decision on erroneous factual findings, and the court's determination was unreasonable due to the lack of notice.  We discern no basis for relief.

## II.    Standard of Review

¶ 9    We review an order granting relief under C.R.C.P. 60(b)(5) for an abuse of discretion.  *In re People in Interest of A.P.*, 2022 CO 24, ¶ 20.  A court abuses its discretion when it makes a manifestly arbitrary, unreasonable, or unfair decision or when it misunderstands or misapplies the law.  *Id.*

¶ 10    We review the court's factual findings for clear error, "meaning that we won't disturb such findings if there is any evidence in the record supporting them."  *Heights Healthcare Co. v. BCER Eng'g, Inc.*, 2023 COA 44, ¶ 39 (quoting *Woodbridge Condo. Ass'n v. Lo Viento Blanco, LLC*, 2020 COA 34, ¶ 24).

## III.    Discussion

¶ 11    Husband primarily argues that the district court erred by conducting a hearing for which he did not receive notice.  He argues that he was not expecting any court-related correspondence and that, despite wife's sworn testimony, he did not live at the address

used by the court. Husband further questions how notice of the hearing could have been adequate when previous notices were found to be inadequate. We are not persuaded by these arguments.

¶ 12    As an initial matter, the record indicates that notice of the first scheduled hearing went to a mailing address previously associated with husband in North Carolina. That notice, as well as the initial notice of wife's motion to amend and notice of a delay prevention order, were returned to the court as undeliverable.

¶ 13    By contrast, the court found that notice of the rescheduled hearing was sent to husband's address in Lochbuie, Colorado, and was adequate. Husband does not dispute that the Lochbuie address is his and that it has continuously been listed as his address in the court file. *See* C.R.C.P. 5(b)(2)(B) (authorizing service by "[m]ailing a copy to the last known address of the person served"). Because the record supports the court's finding, we will not disturb it.

¶ 14     The district court found that husband lives in Lochbuie based on wife's sworn testimony from the first hearing date.[1]  Wife confirmed that testimony at the second hearing.  To the extent husband seeks to challenge that finding on appeal, he did not include the transcript of the previous hearing for our review.  *See* C.A.R. 10(b) (it is the appellant's responsibility to certify a transcript of all evidence relevant to a challenged finding or conclusion).  We must therefore assume that the portions omitted from the record would support the court's findings.  *People v. Duran*, 2015 COA 141, ¶ 12.

¶ 15     Husband explains in his opening brief that his work in the natural gas pipeline industry requires him to work in different locations throughout the country and it is "not feasible to change [his] address every time" he moves.  But husband makes no specific argument that he failed to receive notice because he was traveling during the relevant period, nor did he seek to set aside the court's order on this basis under C.R.C.P. 60(b).  In any event, husband

---

[1] A review of the record indicates that the parties owned the Lochbuie address at the time the petition for dissolution was filed, it was titled in husband's name, and the property was awarded to husband in the separation agreement.

concedes that he receives mail at the Lochbuie address and that, assuming it was junk mail, he "asked [his] tenants to throw away any mail with [his] name on it." Despite husband's arguments, the question of adequate notice is a factual issue reserved for the district court. *See Hamman v. Cnty. Ct.*, 753 P.2d 743, 749 (Colo. 1988). Because the record supports the court's finding, we may not disturb it.

¶ 16 Husband also claims on appeal that wife made false statements at the hearing and the court erred by failing to request supporting documentation from her. But by failing to appear at the hearing, husband missed his opportunity to challenge the evidence wife submitted in support of her motion to amend. *See In re Marriage of Ensminger*, 209 P.3d 1163, 1167 (Colo. App. 2008) (we will not address an argument never presented to the district court); *see also In re Marriage of Powell*, 750 P.2d 1099, 1101-02 (Mont. 1988) ("The decision not to attend was husband's prerogative, but he cannot later introduce testimony which cannot be verified or cross-examined.").

¶ 17 To the extent husband seeks to challenge the district court's findings regarding his income based on different evidence presented

in his opening brief, we cannot consider these arguments for the first time on appeal. It is unclear whether husband is challenging the sufficiency of the evidence supporting the court's orders. But even if we broadly construe his opening brief to that effect, there is evidence in the record to support the court's income-related findings. The court found wife's testimony regarding husband's income to be credible. And while husband disputes the court's calculation of his annual bonus, his argument requires us to reweigh the evidence, which we may not do. *In re Marriage of Rahn*, 914 P.2d 463, 465 (Colo. App. 1995).

¶ 18    Finally, we are not persuaded by husband's conclusory argument that the court's decision was otherwise unreasonable. While he frames his appeal as challenging the entry of default judgment, no default judgment entered in this case. The court conducted the hearing under C.R.C.P. 60(b) after providing notice. And, under C.R.C.P. 121, section 1-15(6), when a party fails to appear at a hearing, "without prior showing of good cause for [the party's] non-appearance, the court may proceed to hear and rule on" the matter.

¶ 19    For these reasons, husband is not entitled to relief.

## IV.    Disposition

¶ 20    The order is affirmed.

JUDGE SULLIVAN and JUDGE MEIRINK concur.