No. 80-118

IN THE SUPREME COURT OF THE STATE OF MONTANA

1980

---

OLINDA SCHNEIDER, LYDIA SCHNEIDER,
WILLIAM OSTWALD and MARGE SCHELL,

                    Plaintiffs and Respondents,

        -vs

GEORGE D. OSTWALD,

                    Defendant and Appellant.

---

Appeal from:  District Court of the Thirteenth Judicial District,
              In and for the County of Big Horn, The Honorable
              Diane G. Barz, Judge presiding.

Counsel of Record:

    For Appellant:

        D. Michael Eakin, Montana Legal Services, Hardin,
        Montana

    For Respondent:

        Clarence T. Belue, Hardin, Montana

---

                    Submitted on Briefs:  August 20, 1980

                              Decided:  OCT 8 - 1980

Filed:  OCT 8 - 1980

Thomas J. Kearney
                                        Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

Defendant, George Ostwald, a Stillwater County resident, appeals from an order of the Thirteenth Judicial District Court, Big Horn County finding the defendant in contempt of court and denying a motion to set aside a default judgment entered against the defendant.

Plaintiffs, three sisters and a brother of the defendant, filed a complaint against defendant seeking $10,000 damages for the defendant's alleged wrongful taking of the plaintiffs' inheritance. The complaint further sought an accounting of this inheritance. On February 13, 1979, the complaint was served upon the defendant. The defendant failed to respond to the complaint, and an order of default was signed by the court on March 13, 1979. A judgment by default was entered thereafter, awarding plaintiffs $10,035 damages and costs of suit. The judgment also ordered the defendant to make an accounting of the assets of the inheritance and provide this accounting to the plaintiffs. The default judgment was served on defendant on July 24, 1979.

The defendant failed to pay the money damages to plaintiffs or to provide them with an accounting. Plaintiffs moved the court to find the defendant in contempt of court. This motion was served on the defendant. The defendant thereafter engaged an attorney, who in November 1979, filed motions to change the place of trial of this action and to set aside the default judgment entered against the defendant. In an affidavit accompanying these motions, defense counsel alleged that the defendant's neglect to respond in this action was excusable neglect.

A hearing was held by the District Court regarding plaintiffs' contempt motion and defendant's motions. No

-2-

court reporter was present to make a record of this hearing, although the clerk of court's minutes reflect that defense counsel requested that a record be made. In its order entered following this hearing, the court denied defendant's motions and found the defendant in contempt of court.

We accept review of the refusal to set aside the default judgment as an appeal from the District Court, and we accept review of the contempt issue as a request for review by writ of certiorari. We affirm the District Court denial of defendant's motion to set aside the default judgment, and we reverse the District Court's finding and order of contempt of court.

Rule 60(b), M.R.Civ.P., provides the following rule governing motions to set aside a District Court judgment by default:

> "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect . . . The motion shall be made within a reasonable time, and for reasons (1) . . . when a defendant has been personally served . . . <u>not more than 60 days after the judgment, order or proceeding was entered or taken</u>. . . ." (Emphasis added.)

The defendant clearly has not acted to set aside the judgment entered in this case within the sixty-day time limit specified in Rule 60(b), M.R.Civ.P. The defendant was personally served with a copy of the judgment on July 24, but did not move the District Court to set aside this judgment until November. Defendant's motion was properly denied by the District Court.

We reverse the District Court's finding and order of defendant's contempt of court because a court reporter was not present to record the contempt of court proceedings. This failure to record the District Court proceedings

-3-

effectively denied the defendant any review of the contempt of court order.

A party may seek review of a District Court's contempt of court order only by application for a writ of certiorari to this Court. Section 3-1-523, MCA. Upon receipt of this application, where, as here, an indirect contempt is involved, our writ of certiorari would command the District Court to transmit its record of the contempt proceedings to this Court. Section 27-25-202, MCA. Our review would be limited to an examination of the record to see whether the District Court acted within its jurisdiction and whether the evidence supports the finding and order of contempt. In the Matter of the Contempt of Graveley and Hammerbacker (1980), ____ Mont. ___, ____ P.2d ___, 37 St.Rep. 1261.

In this case, we have no transcript of the contempt proceedings. We would be required to reconstruct the record of the District Court proceedings. We have labeled this an impossible task. See, Matter of Geary (1977), 172 Mont. 204, 562 P.2d 821. Here, the party requested a stenographic record, but the request was denied. Thus, we are unable to properly review the propriety of the contempt proceedings. The order of contempt must therefore be put aside for lack of record. There is no prejudice, however, to a further proper contempt proceedings, if the defendant continues to ignore without cause the judgment requiring an accounting.

The refusal to set aside the default judgment is affirmed. The finding and order of contempt of court is reversed. The cause is remanded to the District Court for further proceedings in accordance with this opinion.

_____
                Justice

-4-

We Concur:

_____
Chief Justice

_____

_____

_____
Justices