No. 82-333

IN THE SUPREME COURT OF THE STATE OF MONTANA

1982

PHILIP J. MILANOVICH,

Plaintiff,

-vs-

ROSEMARY J. MILANOVICH,

Defendant.

ORIGINAL PROCEEDING:

Counsel of Record:

For Plaintiff:

Hull & Sherlock; Jeffrey M. Sherlock, Helena, Montana

For Defendant:

Deirdre Caughlan, Butte, Montana

Submitted:  October 13, 1982
Decided:  December 2, 1982

Filed: DEC 2 1982

Thomas J. Kearney
Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

Philip J. Milanovich (husband) filed a petition for writ of review to vacate a contempt order issued by the District Court of the Second Judicial District, Silver Bow County. Originally, husband attempted to appeal the contempt order in Milanovich v. Milanovich (1982), ___ Mont. ___, ___ P.2d __, 39 St.Rep. 1554. His attempt was rejected, because no appeal can be taken from an order in contempt. Contempt orders can, however, be considered by this Court on a writ of review. Section 3-1-523, MCA.

Sufficient facts to decide this case were set forth in the earlier Milanovich case cited above, and need not be restated here.

The District Court found that husband was guilty of contempt of court for refusing to allow wife her court ordered visitation for Christmas of 1979 and the summer of 1981. Husband was fined $500 and sentenced to five days in jail. The jail sentence was suspended as long as husband satisfactorily complied with the court's orders.

Husband contends the District Court erred in holding him in contempt of court for several reasons. First, husband states that it was error to hold him in contempt of court for denial of visitation for Christmas of 1979 because wife did not mention husband's refusal to allow Christmas visitation in the affidavit she presented to the court. We must agree with the husband. As stated in section 3-1-512, MCA, "When the contempt is not committed in the immediate view and presence of the court or judge at chambers, an affidavit of the facts constituting the contempt . . . shall be presented to the court or judge." Since wife failed to include in her affidavit

-2-

facts constituting contempt in regard to visitation for Christmas of 1979, the court had no jurisdiction to address that incident.

In addition, husband states that any action to hold him in contempt for denial of visitation for Christmas of 1979 is barred by the statute of limitations. Again, we must agree. A person found guilty of contempt commits a misdemeanor, as exemplified by section 3-1-519, MCA, which imposes up to a $500 fine and/or a five day jail sentence upon a person found guilty of contempt. Section 45-1-205(2)(b) provides, "A prosecution for a misdemeanor must be commenced within 1 year after it is committed." Therefore, prosecution for denial of visitation for Christmas of 1979 should have been commenced within one year. Since wife did not make her motion asking the District Court to find husband in contempt until August 18, 1981, the District Court is clearly without jurisdiction to hold husband in contempt for denial of visitation for Christmas of 1979.

Husband also contends that the District Court erred in holding him in contempt for denial of visitation for the summer of 1981. We disagree. Our review of the contempt order is limited to examining the record to see whether the District Court acted within its jurisdiction and whether the evidence supports the finding of contempt. Schneider v. Ostwald (1980), ___ Mont. ___, 617 P.2d 1293, 37 St.Rep. 1728; In the Matter of the Contempt of Gravely and Hammerbacker (1980), ___ Mont. ___, 614 P.2d 1033, 37 St.Rep. 1261.

After a review of the record, we find that there is substantial evidence to support the District Court's finding of contempt. In the District Court's order of October 4, 1979, wife was given the right to visitation for the month

of July each summer. By an agreement entered in February of 1981, the parties modified visitation for the summer of 1981 so that wife waived her July 1981 visitation in return for being able to accompany husband and the children on a two week summer vacation to Canada. The vacation was to begin on July 1, 1981. At the contempt hearing, wife testified that husband notified her one week before the intended summer vacation that he had changed the plans for the vacation. Husband then left on vacation early and failed to leave an address where wife could meet husband and the children. By so doing, husband violated the February 1981 agreement and the District Court's order granting wife visitation for the month of July. By disobeying a lawful order of the District Court, husband committed an act of contempt, and could rightly be punished therefor. Sections 3-1-501(1)(e) and 3-1-519, MCA.

Husband's testimony regarding summer vistitation differs. He claims wife was informed of the change in plans and the new itinerary several months in advance. He further testified that wife called him one week prior to their departure and stated that the vacation plans were unacceptable. She therefore wanted to change her time for visitation to August. Where conflicting evidence exists, if there is competent and substantial evidence to support the findings, the reviewing court will not reverse merely because it might have drawn from the evidence a conclusion at variance with that reached by the trial judge. 17 C.J.S. Contempt § 124(4). The credibility of the witnesses heard by a district court in a contempt proceeding and the weight to be given to their testimony are matters for the District Court's determination, and are not reviewable by the Supreme Court. State ex rel. Zosel v. District Court (1919), 56 Mont. 578, 185 P. 1112.

-4-

Although the District Court erred by finding husband in contempt for denial of visitation for Christmas of 1979, we hold this to be harmless error. The District Court found that husband was guilty of contempt for violating the court's order of October 4, 1979. Husband's denial of visitation for the summer of 1981 is in itself a violation of that order, and exhibits sufficient cause for the District Court to hold him in contempt of court.

The record in this case reflects a certain degree of recalcitrance by the husband toward the orders of the District Court on visitation. In such case, the best remedy to insure respect for the law and the orderly progress of relations between family members split by dissolution is to give effect to the contempt powers of the District Court. We follow that course here.

Affirmed.

_____
John C. Sheehy
Justice

We Concur:

_____
Frank J. Haswell
Chief Justice

_____

_____

_____
Justices

-5-