No. 84-33

IN THE SUPREME COURT OF THE STATE OF MONTANA

1984

IN RE THE MARRIAGE OF

VIOLET AGNUS SMITH,

> Petitioner and Appellant,

and

VERNON IRVIN SMITH,

> Respondent and Respondent.

APPEAL FROM: District Court of the Tenth Judicial District,
In and for the County of Fergus,
The Honorable Peter Rapkoch, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Law Office of John Christensen; Mark Stermitz,
Stanford, Montana

For Respondent:

Torger S. Oaas, Lewistown, Montana

Submitted on Briefs: May 10, 1984

Decided: August 30, 1984

Filed: AUG 30 1984

_Ethel M. Harrison_
Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

Violet Agnus Smith appeals from an order of the District Court, Tenth Judicial District, Fergus County, denying her petition to hold her former husband, Vernon Irvin Smith, in contempt for failure to pay her the sum of $3,200.00.

Violet filed a complaint for dissolution of the marriage on April 15, 1981, in the District Court. A decree of dissolution was entered on September 9, 1982 which included orders for distribution of a substantial marital estate. The District Court included in its findings of fact a marital debt owed to the First National Bank of Lewistown in the sum of $3,200.00 and in its conclusions provided that Vernon should be responsible for the payment of the "marital debts." Neither party appealed from the final decree of dissolution.

On February 5, 1983, Violet filed a motion in the District Court that Vernon be held in contempt of court unless he make payment of claimed marital debts amounting to $24,693.25. Included in the debts was a $3,200.00 note payable to the First National Bank of Lewistown, with accrued interest of $1,327.11. Violet's motion stated that the $3,200.00 debt had been paid by her.

On June 17, 1983, the District Court entered findings of fact and conclusions of law with respect to the motion. It determined that the $3,200.00 note was a marital debt that had not been paid by Vernon although he was obligated to do so, together with accrued interest. He was further obligated to pay the cost of baling straw which was left on the ranch premises on the basis of quantum meruit. The court found that the other debts claimed by the wife were not Vernon's

- 2 -

obligations as marital debts and denied Violet's petition to hold Vernon in contempt of court.

On September 7, 1983, Violet again moved the District Court to find Vernon in contempt of court for failure to pay the $3,200.00 debt to Violet. An order to show cause was issued, and after hearing, the District Court again denied Violet's petition to hold Vernon in contempt. The District Court in its findings found that the note had been paid by their adult daughter, Joan Smith, on August 16, 1982. It is from the denial order of September 7, 1983 that Violet appeals.

The facts regarding the $3,200.00 debt to the First National Bank appear to be that the debt was incurred by their daughter, Joan Smith, in connection with a purchase of a mobile home by Joan. The mother, Violet, co-signed the note to the bank with Joan. Subsequently Joan sold the mobile home and used the proceeds of the sale to pay the debt to the Lewistown bank. The mother, Violet, had contributed a small amount to the payment of the note, and for this amount Vernon had reimbursed Violet. The date of the payment was August 16, 1982 which preceded the original decree of dissolution in this cause.

Ordinarily, the decision of a District Court with respect to contempt proceedings is not reviewable by the Court on appeal, but must be reviewed through certiorari. Matter of Gordon's Estate (Mont. 1981), 628 P.2d 1117, 38 St.Rep. 887. We permit an exception to this rule, however, in dissolution of marriage proceedings and we consider the subject by way of appeal. The rule of review is the same in either case, however; we are limited to examining the record to see whether the District Court acted within its

jurisdiction and whether the evidence supports the finding of the court with respect to the purported contempt. Schneider v. Ostwald (Mont. 1980), 617 P.2d 1293, 37 St.Rep. 1728.

The evidence in this case shows that after the original decree of dissolution, the husband went to the bank in order to clear up the marital debts which the District Court had ordered him to pay in the original decree. The bank was unable to produce the note which was referred to in the decree, it now appears obvious for the reason that Joan Smith had already paid the indebtedness on the note. Now Violet is contending, although the note was paid, that Vernon must nevertheless pay the amount of the indebtedness to her, the effect of which would be to increase the amount of property that was distributed to her under the decree of dissolution. It is clear, however, that the decree of dissolution intended that Vernon pay the marital debts which had been amassed during the marriage, and that the $3,200.00 was mistakenly listed as a marital debt in the decree of dissolution.

We find no error in the court's refusal to hold Vernon in contempt in this case.

On appeal, counsel for Vernon contends that Violet's appeal from the refusal of the order to find Vernon in contempt is frivolous and has caused Vernon great expense in defending two orders to show cause in the District Court and the appeal here. We are controlled in this respect by Rule 32 of the Montana Rules of Appellate Civil Procedure which provides:

> "Damages for appeal without merit. If the Supreme Court is satisfied from the record and the presentation of the appeal that the same was taken without substantial or reasonable grounds, but apparently for purposes of delay only, such damages may be assessed on determination thereof as under the circumstances are deemed proper."

It does appear that in this cause the appeal was taken without substantial reasonable grounds. The facts were well known to Violet that the note had been paid by Joan prior to the decree of dissolution and that the liability no longer existed as a marital debt. Nonetheless she has continuously endeavored to collect from Vernon the $3,200.00, which Violet was not obliged to pay although she had co-signed the note. Our rule allowing damages for a frivolous appeal however has another prong, it must be taken for purposes of delay only. We cannot gather from the record here that Violet's appeal had as one of its purposes to delay the proceedings either in District Court or on appeal. For that reason under our rule we must deny Vernon's petition for attorney's fees and costs for the appeal in this case, except as provided in Rule 33, Montana Rules of Appellate Civil Procedure.

The order of the District Court is affirmed.

_____
John C. Sheehy
Justice

We Concur:

_____
John Conway Harrison

_____

_____

_____
Justices

- 5 -