No. 87-442

IN THE SUPREME COURT OF THE STATE OF MONTANA

1988

INRE: THE MARRIAGE OF
GERALD E. SESSIONS,

     Petitioner and Appellant,

-and-

DORA F. SESSIONS,

     Respondent and Respondent.

APPEAL FROM: District Court of the Tenth Judicial District,
In and for the County of Fergus,
The Honorable Peter L. Rapkoch, Judge presiding.

COUNSEL OF RECORD:

     For Appellant:

          Timothy J. O'Hare, Lewistown, Montana

     For Respondent:

          Craig R. Buehler, Lewistown, Montana

Submitted on Briefs: March 24, 1988

Decided: April 26, 1988

Filed: APR 2 6 1988

*Ethel M. Harrison*

Clerk

Mr. Justice William E. Hunt, Sr., delivered the Opinion of the Court.

Petitioner appeals from a judgment of the District Court, Tenth Judicial District, County of Fergus, dissolving the marriage between the parties and distributing the marital property.

The issues are:

1. Whether the District Court abused its discretion in dividing the marital property where it adopted verbatim wife's proposed findings of fact and conclusions of law?

2. Whether the District Court's order of contempt and order to purge contempt was proper?

3. Whether the District Court's subsequent order of contempt is void as a matter of law because it was entered after notice of appeal was filed?

The parties were married on November 8, 1965. Their marriage was dissolved by judgment of the District Court dated July 31, 1987. At the time of dissolution the couple had one minor child left at home. The wife was 41 years of age and the husband 44 years of age when the marriage was dissolved.

The husband has held several jobs, including that of computer terminal technician, throughout the marriage. At the time of trial he was unemployed and living outside Montana. The wife has no formal training but worked in the couple's various business endeavors throughout the marriage. She was a cocktail waitress at the time of trial and living in the marital home.

The major marital assets were awarded to the parties as follows:

| Wife | Value | |
|------|-------|---|
| Family home | $ -0- | plus $16,000 mortgage |
| Jensen contract (sale of catalog store) | $12,944 | discounted value plus $23,366 owing on the underlying debt |
| Vacant lot in Idaho | $ 4,000 | plus $950.00 tax lien |
| Car | $ 500 | |

| Husband | Value |
|---------|-------|
| Hackamore Supper Club | $24,325 |
| Truck | $ 2,500 |
| Life insurance policy | [value not provided] |
| Family checking account | $ 255 |

The rest of the assets were divided according to wife's proposed findings and conclusions. Appellant husband initially argues that the court abused its discretion by dividing the property as it did because it adopted verbatim the wife's proposed findings and conclusions. This contention lacks merit.

As has been reiterated by this Court several times, the standard of review for adopted findings of fact and conclusions of law is the same as for court-prepared findings. In Re Marriage of LeProwse (1982), 198 Mont. 357, 362, 646 P.2d 526, 528-29; Goodmundson v. Goodmundson (1982), 201 Mont. 535, 538, 655 P.2d 509, 511. Although we recognize the possible ethical considerations present in verbatim adoption of one party's proposed findings the Court has consistently held that no legal error occurs where the District Court's decision is supported by law and evidence. In re Marriage of Watson (Mont. 1987), 739 P.2d 951, 954, 44

St.Rep. 1167, 1170; Parenteau v. Parenteau (1983), 204 Mont. 239, 244, 664 P.2d 900, 903; Le Prowse, 646 P.2d at 529.

A review of the record shows that there was conflicting evidence given as to the value of most of the marital assets. Both parties had experts give an estimate of the value of the family home based on appraisals. Wife's expert testified that, after making a visual inspection, the home was worth $19,000. She further testified that there was no equity position on the property. It's not disputed that the remaining liability on the home was approximately $16,000. Husband's expert gave an appraisal of $22,000 but did not do a visual inspection of the home because he had sold it to the Sessions some months before. When conflicting expert testimony is given the trier of fact has full discretion to give weight to the testimony as he sees fit. In re Marriage of McCormack (Mont. 1986), 726 P.2d 319, 321, 43 St.Rep. 1833, 1835; In re Marriage of Williams (Mont. 1986), 714 P.2d 548, 552, 43 St.Rep. 319, 325. The court chose to rely on the wife's expert and substantial evidence supports the court's finding here.

The husband also contends that contradictory testimony about the value of the Jensen contract shows an abuse of discretion. In 1986, the parties sold a Sears catalog store they had owned for which the balance owed to them at trial was $41,049.90 subject to an underlying mortgage of $22,366.59. The husband testified the fair market value of this contract was $18,683.31. The wife introduced a statement from a prospective purchaser that it would buy the contract for $12,944. At the same time, the wife testified that the figure given on the document was $27,944. This was apparently a misstatement which the court recognized when it adopted the $12,944 figure listed in the wife's proposed

findings. There is substantial evidence to support this value also.

The last major asset we will discuss is the parties' interest in the Hackamore Supper Club bought by the husband and his brother in 1986. The husband disputes the value placed on his interest because he testified that, as it was a losing concern, he felt it had no value. The District Court valued the husband's interest at $24,325 consisting of a $20,000 initial contribution and $4,325 of later contributions. The record shows that the Club was run by the parties as partners. After filing the petition for dissolution but before the trial was held, the husband transferred his interest to his brother without his wife's approval. It was not improper for the District Court to include it as a marital asset and award it to the husband at the value stated under these circumstances.

The husband disputes the values of several other household items and vehicles. We hold that the District Court's findings as to these items are also fully supported by substantial credible evidence and decline to discuss them further. We affirm the District Court's property distribution.

Appellant's second issue disputes the propriety of the District Court's order of contempt and order requiring the husband to purge the contempt. Although contempt of court orders by the District Court are final and usually unreviewable by this Court in any manner except by writ of certiorari, § 3-1-523, MCA, an exception is made in dissolution of marriage proceedings. In re Marriage of Smith (Mont. 1984), 686 P.2d 912, 914, 41 St.Rep. 1695, 1697. We must limit our review to see whether the District Court was within its jurisdiction and whether the evidence supports the finding of the court. Smith, 686 P.2d at 912; Schneider v.

Ostwald (Mont. 1980), 617 P.2d 1293, 1295, 37 St.Rep. 1728, 1730.

By order dated March 9, 1987, the husband was required to pay respondent $300.00 per month for support and maintenance. Respondent also asserts that at a hearing the husband agreed to pay approximately $2,000 in household bills and appellant's counsel was asked to draft an order to that effect. There is no record of this hearing but apparently this order was never drafted. The husband does not dispute this contention but argues the bills were already paid by the time of trial. The District Court ordered the husband to pay $2,900 for support, maintenance and bills. Testimony by the husband reveals that the support and maintenance payments and the bill payments had not been made by the time of trial. Appellant points to no contradictory evidence. We therefore affirm this order of the District Court.

Lastly, appellant asks us to void the District Court November 25, 1987 order again finding the husband in contempt for not paying the sum of $2,300. He argues that the notice of appeal dated August 31, 1987 stripped the District Court of its jurisdiction and therefore the order is void. We disagree.

Although the record is silent on this point, the respondent admits that support in the sum of $600 was paid April 27, 1987. Apparently the District Court was aware of this payment and subtracted it from its previous order to pay $2,900. There is no evidence as to any other payments.

This Court has held that a contempt proceeding is separate and independent of the civil action from which it arose. Myhre v. Myhre (1976), 168 Mont. 521, 522, 548 P.2d 1395, 1396 (per curiam). The District Court therefore is not divested of jurisdiction over a contempt matter by the filing

- 6 -

of an appeal of the underlying civil matter. Accordingly, we affirm the decree and orders of the District Court.

    Affirmed.

_____
               Justice

We Concur:

_____
  Chief Justice

_____

_____

_____
       Justices