No. 89-59

IN THE SUPREME COURT OF THE STATE OF MONTANA

1989

GARY G. DORAN,

          Petitioner and Appellant,

   -vs-

THE CITY COURT OF WHITEFISH, MONTANA,
and THE HONORABLE BRADLEY F. JOHNSON,
a Judge thereof,

          Respondent.


APPEAL FROM: District Court of the Eleventh Judicial District,
In and for the County of Flathead,
The Honorable Michael Keedy, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        James D. Moore; Moore & Doran, Kalispell, Montana

    For Respondent:

        Bradley F. Johnson, Whitefish City Judge, Whitefish,
        Montana


Submitted on Briefs: May 18, 1989

Decided: September 7, 1989

Filed:

_____
/Clerk

Mr. Justice William E. Hunt, Sr., delivered the Opinion of the Court.

The District Court of the Eleventh Judicial District, Flathead County, granted a writ of certiorari and supervisory control to review the propriety of sanctions and contempt imposed upon Petitioner, Gary G. Doran, by the City Court of Whitefish. After the District Court affirmed the City Court without a hearing, Petitioner moved to alter or amend the judgment. Following a hearing, the District Court denied the motion. Petitioner appeals. We reverse and remand.

The sole issue raised on appeal is whether the District Court erred in upholding the City Court's imposition of sanctions and contempt.

Petitioner is an attorney at law, practicing in the Kalispell area. On February 9, 1988, he agreed to defend Anthony Conces against a charge of driving while under the influence, pending in the Whitefish City Court. Conces had been charged with the offense on November 23, 1987, and, prior to obtaining Petitioner's services, had represented himself in the matter. Apparently, during the period Conces represented himself, he was granted a series of continuances by the City Court, and therefore was not arraigned until January 19, 1988. On the same day he agreed to represent Conces, Petitioner called the City Court to verify the trial date and was informed that a jury trial was scheduled for February 24, 1988.

On February 16, 1988, Petitioner began a district court jury trial, State v. Beggio. Sometime after the trial began, the Honorable Michael H. Keedy, judge for the Eleventh Judicial District Court, scheduled an emergency child custody hearing for Wednesday, February 24, 1988, at 9:30 a.m., a

time that directly conflicted with the Conces trial in City Court. Petitioner, as representative of the child, was required to attend the hearing. Petitioner's office received notice of the custody hearing on Thursday, February 18, 1988, while Petitioner was still involved in the Beggio trial. Because of the continuing nature of the Beggio trial, Petitioner did not return to his office until Friday, February 19, 1988, and did not receive actual notice of the conflict with the Conces trial until after 5 p.m. on that day.

On Monday, February 22, 1988, closing arguments in State v. Beggio were made; the trial was completed at approximately 12:30 p.m. That afternoon, Petitioner represented defendants in two separate proceedings, a felony arraignment and a felony sentencing. He instructed his secretary to contact the Whitefish City Court to advise it of the conflict of February 24. Petitioner's secretary called the City Court two times during the afternoon of February 22 and was advised by the City Court clerk that it was unlikely that a continuance would be granted.

On the morning of Tuesday, February 23, 1988, after attending a probation revocation hearing before the District Court, Petitioner called the City Court. He was advised by the City Court clerk that the Judge was busy and that no continuance had been granted. He was told to call back in 15 minutes, which he did, only to be informed that the Judge had left for the day without granting a continuance. Petitioner then called the City Judge's home phone and left a message on the Judge's answering machine. The City Judge disputes ever having received such a message, maintaining that the recording device on his answering machine was not operating on February 23.

Petitioner then prepared a written motion to continue, which his law partner delivered to the Whitefish Police Department, located next to the City Court, at about 3:30 p.m. on February 23. The motion was left with the police department because it appeared that no one was present at City Court. The motion was accompanied by a letter signed by District Court Judge Keedy, stating that the Conces trial directly conflicted with a district court hearing.

The City Judge did not receive the motion to continue until the following morning, February 24, 1988, the day set for the Conces trial. At 10 a.m. that day, a jury panel was assembled, and the City Court was brought into session. When the Conces case was called, neither the defendant nor anyone on his behalf appeared. Due to the absence of the defense, the City Court granted a continuance. The court then proceeded with its calendar, hearing the case of City v. Ross, in which the defendant was found guilty and assessed a portion of the jury costs.

Later that day, the City Judge wrote a letter to petitioner, advising him:

> [Y]ou have a duty and obligation to this Court which has no less dignity than that accorded District Court. This Court will not allow you to simply dictate and announce your course of dealing on matters currently pending and then escape the obvious and foreseeable consequences of your actions.

The Judge imposed financial sanctions against Petitioner in the amount of $132, the cost of summoning the jury, to be paid by March 10, 1988.

When Petitioner failed to pay the sanctions, the City Court directed him to appear on March 21, 1988, to show cause why he should not be held in contempt. On March 18, 1988, Petitioner moved the court to reset the hearing due to

- 4 -

conflicts with previously scheduled District Court hearings. On March 24, 1988, Petitioner forwarded a letter to the City Judge, stating that he felt that imposition of sanctions was unreasonable. He enclosed an affidavit detailing the circumstances leading to the February 24, 1988, sanctions. In response, the court set a final due date of April 8, 1988, for settlement of the sanctions. When Petitioner again failed to pay the sanctions, the court set another show cause hearing for April 20, 1988. Petitioner appeared on that date, refused to pay the sanctions, was found in contempt and fined $25. At that time, he served the City Judge with a writ of certiorari and supervisory control issued by the District Court.

On September 12, 1988, the District Court issued a memorandum and order upholding the City Court's contempt citation. Petitioner moved the Court to alter or amend the judgment. After a hearing, the District Court denied the motion. From this order, Petitioner appeals.

Although a contempt of court citation is not an appealable order, a higher court may review the citation by way of a writ of certiorari. Section 3-1-523, MCA. On review, the higher court determines whether the tribunal issuing the contempt order acted within its jurisdiction, and whether substantial evidence supports the finding of contempt. In re the Contempt of Graveley (1980), 188 Mont. 546, 555, 614 P.2d 1033, 1039.

By statute, a city court may punish an individual for contempt when that individual disobeys or resists the "execution of a lawful order or process made or issued by the judge." Section 3-11-303, MCA (emphasis added). We must therefore determine whether the imposition of sanctions by the City Court for Petitioner's failure to appear on the day of trial after repeatedly requesting a continuance

constituted a lawful order. If the order was not lawful, the City Court exceeded its jurisdiction when it cited Petitioner for contempt.

A city court, like any other court, has the power to "provide for the orderly conduct of proceedings before it or its officers." Section 3-1-111(3), MCA. This power, however, may not be exercised arbitrarily.

While we commend the City Court for its efforts to provide for the orderly conduct of proceedings before it, we nevertheless hold that, in this case, the court acted arbitrarily when it imposed sanctions against Petitioner. Petitioner had no choice but to attend the district court hearing. It was impossible for him to be in two places at one time. Furthermore, Petitioner excercised due diligence in attempting to alert the City Court of the conflict. In addition to making several phone calls to the City Court, Petitioner delivered to the Whitefish Police Department a letter signed by District Court Judge Keedy, stating that the conflict existed. The City Court had this letter in its possession on the morning of the day set for trial.

In addition, the City Court acted arbitrarily in imposing jury costs as a sanction against Petitioner. The record shows that the jury mustered for the Conces trial was used in another trial heard in City Court that very same day. In the other trial, City v. Ross, the defendant was found guilty and assessed jury costs. Thus, the sanction of jury costs against Petitioner amounted to double recovery.

Because the City Court acted arbitrarily, the imposition of sanctions did not constitute a lawful order. Therefore, the City Court exceeded its jurisdiction when it cited Petitioner for contempt for failing to pay the sanctions.

Reversed and remanded for entry of an order dismissing the contempt citation and sanctions imposed against Petitioner.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices