IN THE SUPREME COURT OF THE STATE OF MONTANA

No. 93-419

---

IN RE THE MARRIAGE OF                    )
                                         )
DENISE RENE JURGENS,                     )
                                         )
        Petitioner Below,                )
                                         )
    and                                  )        O P I N I O N
                                         )            and
JIMMIE ALLEN TURNER,                     )        O R D E R
                                         )
        Respondent Below and             )
        Petitioner Herein,               )
                                         )
    v.                                   )
                                         )
ELEVENTH JUDICIAL DISTRICT COURT,        )
                                         )
        Respondent Herein.               )
                                         )

F I L E D

OCT 14 1993

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

---

On May 25, 1993, the Eleventh Judicial District Court, Judge Michael H. Keedy presiding, issued a final decree of dissolution in the marriage of Denise Jurgens (Jurgens) and Jimmie Turner (Turner). In the final order, Turner was ordered to pay to Jurgens:

1) $195 per month in child support beginning June 20, 1993;

2) $2,826 for Jurgens' interest in the real property of the marriage;

3) $508 for Jurgens' half of the parties' 1991 tax refund; and

4) $1,161 in retroactive child support.

Neither party appealed the order and decree of dissolution.

On July 2, 1993, Jurgens filed an "affidavit of facts" with

1

the District Court in which she stated that Turner had not paid any of the sums ordered by the District Court in the decree. The District Court subsequently issued an order instructing Turner to appear and show cause why he should not be held in contempt for failing to pay the sum of $4,8[8]5 as ordered in the May 25, 1993, order and decree of dissolution. A July 27, 1993, hearing date was set.

On July 26, 1993, the day prior to the scheduled contempt hearing, Randall Snyder, an attorney for Turner's father, George Turner, faxed and mailed a letter to Jurgens' counsel. In that letter, Snyder indicated that he was enclosing a check for $2,000 which was "payable to your trust account . . . This amount is forwarded to you, for application on Jimmie's obligation to Ms. Jurgens." The letter also stated that "I included, within the amount payable to Ms. Jurgens, the amount for June and July child support."

The contempt hearing was held the following day. Jurgens testified that she had received no money from Turner for payment of the amounts ordered in the May 25, 1993, decree. Turner testified that, as far as he knew, Jurgens and her counsel had accepted his offer to discharge the amount owing by a $2,000 downpayment and terms of $150 per month at ten percent interest. The District Court found Turner guilty of contempt of court and entered four separate counts of contempt, apparently for the four separate debts set out above, and sentenced him to five days incarceration for each count—a total of twenty days. The District Court also

ordered that Turner could purge himself of contempt if he paid Jurgens $4,885, plus costs and attorney's fees of $529.20, by August 24, 1993.

On August 24, 1993, Turner filed a petition for writ of certiorari with this Court. He argued, among other things, that the District Court refused to hear or accept his evidence regarding the parties' agreement to settle the amounts owing during the July 27 hearing. On August 24, 1993, we issued an order staying the contempt proceedings until further order of this Court and ordering responses to Turner's petition. Jurgens and the District Court filed a joint response to the writ of certiorari; Jurgens also filed motions for attorney's fees, costs, and sanctions and the District Court filed a motion to dismiss the petition for writ of certiorari. We initially review Turner's petition for writ of certiorari.

An order of contempt is final and conclusive and not an appealable order; a writ of certiorari is the proper avenue for review of a contempt order. Section 3-1-523, MCA; Milanovich v. Milanovich (1982), 200 Mont. 83, 87, 655 P.2d 959, 961. We note that this Court has made an exception to this rule in marriage dissolution proceedings and allowed review of contempt orders on direct appeal. In re Marriage of Sessions (1988), 231 Mont. 437, 441, 753 P.2d 1306, 1308. This exception, however, does not prohibit Turner from resorting to the usual method, a petition for writ of certiorari, to obtain review of the contempt order issued by the District Court in this case.

3

On review, we determine whether the court issuing the contempt order acted within its jurisdiction and whether substantial evidence supports the finding of contempt. Doran v. City Court of Whitefish (1989), 239 Mont. 94, 98, 779 P.2d 68, 70. In this case, Turner does not challenge the District Court's jurisdiction. Indeed, it is obvious from the limited record before us that Turner was ordered to pay Jurgens $4,885 in May, 1993, and by his own admission, had not paid that full amount as of July 27, 1993. Such a failure to comply with the District Court's order constitutes contempt. See Sessions, 753 P.2d at 1309; In re Marriage of Robbins (1985), 219 Mont. 130, 137-38, 711 P.2d 1347, 1351.

Because of the unique procedural posture of this case, further examination of the District Court's order is required. As noted above, the District Court imposed four separate counts of contempt, apparently for the four separate amounts owing and unpaid. According to the District Court's order, Turner had until August 24, 1993, to purge himself of contempt by paying the ordered amounts. Turner filed his petition for writ of certiorari before Turner's allowed time to purge himself of the contempts expired. As such, the District Court did not have an opportunity to consider whether Turner had, in fact, purged himself of one or more of the four counts of contempt.

As stated earlier, Turner contends that his father, George Turner, has paid $2,000 on his behalf towards the amount he owes to Jurgens. The letter to Jurgens' counsel also seems to indicate that the amounts for the June and July child support obligations

4

were paid by Turner's father. From the record before this Court, we cannot ascertain whether those amounts were received or accepted by Jurgens.

We conclude, therefore, that it is appropriate for Turner to submit to the District Court documentation of the amounts he, or someone on his behalf, has paid to Jurgens pursuant to the District Court's orders. After Jurgens has had opportunity to respond, the District Court should determine which, if any, of the four counts of contempt have been satisfied by the payments made, and issue the appropriate orders.

We emphasize that we are in no way concluding that Turner is not subject to contempt for failure to abide by the District Court's May 25, 1993, order. We conclude only that, in light of the manner in which the separate contempts were imposed and the confusion over payments alleged to have been made prior to the contempt hearing, further proceedings are appropriate to determine the extent to which one or more of the contempts have been purged.

The remaining issues raised in Turner's petition for writ of certiorari do not relate to the contempt order and, therefore, are not properly before us. Similarly, as we are granting limited relief to Turner, Jurgens' motions for attorney's fees, costs and sanctions will also be denied.

IT IS ORDERED:

1. Turner is granted ten (10) days from the date of this Opinion and Order to file with the District Court proof of the amounts paid to date towards the total amount owing to Jurgens;

5

2. Jurgens is allowed five (5) days from the date of Turner's submission to respond, if desired, to that evidence;

3. The District Court shall then determine whether Turner has purged himself of any of the four counts of contempt entered against him. If the entire obligation has not been satisfied, the District Court shall execute the contempt sentence(s) imposed.

4. Jurgens' motion for attorney's fees and costs is DENIED;

5. Jurgens' motion for sanctions is DENIED; and

6. The District Court's motion to dismiss the writ of certiorari is DENIED.

The Clerk of Court is directed to mail a true copy of this Order to the Jimmie Turner personally, to counsel of record for all parties, to the Honorable Michael H. Keedy and to the Clerk of Court for the Eleventh Judicial District.

DATED this 14 day of October, 1993.

_____
Chief Justice

_____
_____
_____
_____
_____
_____
Justices

6