No. 98-691

IN THE SUPREME COURT OF THE STATE OF MONTANA

2000 MT 128

300 Mont. 1

2 P.3d 822

---

IN RE THE MARRIAGE OF

CATHARINE GAY GROUNDS f/k/a

CATHARINE GAY COWARD,

Petitioner/Appellant,

v.

HAROLD MARK COWARD,

Respondent/Respondent.

---

APPEAL FROM: District Court of the Fourth Judicial District,

In and for the County of Missoula,

The Honorable John W. Larson, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Karen S. Renne, Denver, Colorado

For Respondent:

Rachel Wright, Missoula, Montana

_____

Submitted on Briefs: December 2, 1999

Decided: May 9, 2000

Filed:

_____

Clerk

Justice William E. Hunt, Sr. delivered the Opinion of the Court.

¶1 Catharine Gay Grounds, f/k/a Catharine Gay Coward (Catharine), appeals from the September 29, 1998 Order of the Montana Fourth Judicial District Court, Missoula County, refusing to lift a stay on a contempt and commitment order it had issued in 1996 against Harold Mark Coward (Mark) for failing to pay required maintenance under the parties' 1991 dissolution decree. Although Catharine raises several issues pertaining to the District Court's contempt power, we conclude that under the authority of our recent decision in Lee v. Lee, 2000 MT 67, 996 P.2d 389, 57 St.Rep. 308, we are without jurisdiction to address the questions presented. Thus, we dismiss this appeal.

¶2 A party is permitted to appeal from a civil judgment or order "except when expressly made final by law." Rule 1(b), M.R.App.P. In turn, § 3-1-523, MCA, provides:

> The judgment and orders of the court or judge made in cases of contempt are final and conclusive. There is no appeal, but the action of a district court or judge can be reviewed on a writ of certiorari by the supreme court or a judge thereof . . . .

Section 3-1-523, MCA; *see also* State *ex rel.* Anderson v. District Court (1980), 188 Mont. 77, 79, 610 P.2d 1183, 1185 (holding that a writ of supervisory control may be granted in contempt cases where the party is barred from using a writ of *certiorari*).

¶3 Notwithstanding the foregoing statutory mandate, this Court has for years recognized a judicially created "exception" permitting direct appellate review of contempt orders in the family law context, including marital dissolution proceedings. *See* In re Marriage of Sessions (1988), 231 Mont. 437, 441, 753 P.2d 1306, 1308 (citing In re Marriage of Smith (1984), 212 Mont. 223, 225-26, 686 P.2d 912, 914) (acknowledging the "family law exception" to the writ of *certiorari* mandate in the context of dissolution of marriage proceedings). Nevertheless, we have also recognized in the family law context, as a matter of public policy, that "the best remedy to insure respect for the law and the orderly progress of relations between family members split by dissolution is to give effect to the contempt powers of the District Court." Milanovich v. Milanovich (1982), 201 Mont. 332, 336, 655 P.2d 963, 965.

¶4 Because discretionary review of a petition for *certiorari* or supervisory control is "far more efficient and effective in upholding the 'family law' policy set forth in *Milanovich*," we sought in *Lee* to better define the family law direct appeal exception so that it could be "properly narrowed" in light of the underlying public policy. *Lee*, ¶ 34. In *Lee*, we began by noting that there are two distinct circumstances under which a court's contempt power may be challenged: first, where the court acts without jurisdiction; and second, where the court acts within its jurisdiction but in an arbitrary and tyrannical manner. *See Lee*, ¶ 35. Since a writ of *certiorari* cannot be used to correct errors within a lower court's jurisdiction, we explained that where a court finds one party in contempt but also acts within its jurisdiction in adjudicating ancillary matters between the parties vis-à-vis the contemptuous conduct (e.g., marital property division, maintenance, child custody, visitation, etc.), the judgment must stand and may not be attacked by writ of *certiorari*. *Lee*, ¶ 36. A writ of *certiorari* would be barred, under such circumstances, because the lower court did not exceed its jurisdiction in issuing the ancillary order. *See Lee*, ¶ 36.

¶5 To illustrate, the contempt order at issue in *Lee* was reviewable on direct appeal under the "family law exception" because of the nature of the judgment in that case. *See Lee*, ¶¶ 15-16 (discussing the judgment in some detail). In *Lee*, although one party was obligated pursuant to the underlying dissolution decree to transfer a horse and horse trailer to the other party as part of the distribution of the marital estate, the obligated party had sold those assets prior to final judgment while continuing to represent that she possessed them.

Following appeal, the other party attempted to execute on the judgment and it was discovered that the obligated party had already disposed of the assets. The district court held the obligated party in direct contempt for her " 'deceitful omission' " concerning the marital assets and her refusal to comply with the terms of the precedent dissolution decree. *Lee*, ¶¶ 3, 15. Then, in the very same judgment, the district court calculated the money judgment due under the dissolution decree, factoring in the cash value of the horse and trailer and providing the other party with offsetting deductions to his maintenance obligations under the decree. *Lee*, ¶¶ 3, 16.

¶6 Thus, where a court in a single judgment, issues an order of contempt against one party and an ancillary order within its jurisdiction in determining the rights of the parties as a result of the contemptuous conduct, a petition for writ of *certiorari* would necessarily be denied. *Lee*, ¶ 37. Only this limited scenario triggers application of the family law exception to the writ of *certiorari* mandate contained in § 3-1-523, MCA. We held in *Lee*, therefore, that "the 'family law' direct appeal exception . . . applies when, and only when, the judgment appealed from includes an ancillary order which effects [sic] the substantial rights of the involved parties." *Lee*, ¶ 37. Conversely, "a lone contempt order, regardless of the underlying law of the case, cannot be reviewed by this Court on direct appeal." *Lee*, ¶ 37.

¶7 Thus, the "threshold question" in this case becomes whether § 3-1-523, MCA, bars a direct appeal by Catharine. In re Marriage of Harper (1988), 235 Mont. 41, 44, 764 P.2d 1283, 1285. We conclude that it does. As stated in Catharine's appellate brief, she is appealing from the District Court's denial of her request to vacate its stay of a prior contempt and commitment order issued against Mark in 1996. While Catharine is not appealing from the court's initial finding of contempt, we determine that this direct appeal falls outside of the family law exception as narrowed in *Lee*.

¶8 Here, Catharine is appealing from the District Court's refusal to enforce its contempt power against Mark by lifting its stay on commitment and imprisoning him. As we have suggested in the past, however, a court's contempt power "must be exercised to its fullest extent to enable the court to discharge its high duty of administering justice between parties whose rights are put in issue before it, or to enforce these rights after they have been determined." State *ex rel*. Rankin v. District Court (1920), 58 Mont. 276, 288, 191 P. 772, 774 (emphasis added). Without going into the merits, it is clear that the District Court has been discretionarily exercising its contempt power to properly enforce the parties' rights as determined in the 1991 dissolution decree.

¶9 The order appealed from goes purely to the District Court's contempt power; the court did not adjudicate any ancillary matters falling within its continuing jurisdiction over the rights of the parties as determined under the 1991 dissolution decree. Catharine appeals from "a lone contempt order" and, therefore, her challenge "cannot be reviewed by this Court on direct appeal." *Lee*, ¶ 37. Under the facts of this case, Catherine is precluded from challenging the District Court's enforcement of its contempt power on direct appeal. Rule 1(b), M.R.App.P.; § 3-1-523, MCA; *Lee*, ¶¶ 36-37.

¶10 As a result, this Court is without jurisdiction to reach the merits of Catherine's challenge on direct appeal. It is well settled that jurisdictional defects may be raised at any time by either party, as well as by the court *sua sponte*. *See* Thompson v. Crow Tribe of Indians, 1998 MT 161, ¶ 12, 289 Mont. 358, ¶ 12, 962 P.2d 577, ¶ 12. We decline, *sua sponte*, to entertain Catherine's direct appeal.

¶11 This appeal is dismissed without prejudice.

/S/ WILLIAM E. HUNT, SR.

We Concur:

/S/ KARLA M. GRAY

/S/ TERRY N. TRIEWEILER

/S/ JAMES C. NELSON

/S/ W. WILLIAM LEAPHART