CHIEF JUSTICE GRAY,
specially concurring.
¶20 I join in the Court’s opinion which effectively holds that, because coverage is precluded via the clear and unambiguous “employee” exclusion, no other exclusion in the policy need be addressed and the case is at an end. The Court is entirely correct.
¶21 I write separately only to clarify that this case, which addresses what appears to be only a partial summary judgment, does not create an exception to our longstanding case law concluding that a grant of partial summary judgment is interlocutory and not appealable. See, e.g., Matter of Litigation Relating to Riot (1997), 283 Mont. 277, 280, 939 P.2d 1013, 1015-16; Kirchner v. Western Montana Mental Hlth. (1995), 272 Mont. 110, 113, 899 P.2d 1102, 1104. The usual result in a case which comes to this Court prematurely, such as a partial summary *50 judgment, is dismissal of the appeal for lack of jurisdiction, a matter which we may raise sua sponte. See, e.g., Litigation Relating to Riot, 283 Mont. at 281, 939 P.2d at 1016; In re Marriage of Grounds, 2000 MT 128, ¶ 10, 300 Mont. 1, ¶ 10, 2 P.3d 822, ¶ 10. If this were in reality a partial summary judgment, I would-and I believe the Court would-dismiss it for lack of jurisdiction.
¶22 Appearances notwithstanding, this case is not a partial summary judgment and, therefore, is properly accepted on appeal. The District Court having concluded that coverage is precluded under the “employee” exception in the policy and this Court having properly affirmed on that basis, other disputed policy exceptions-in particular, one with regard to which the District Court determined genuine issues of fact remained which precluded summary judgment-need not be addressed.