DA 15-0497
IN THE SUPREME COURT OF THE STATE OF MONTANA
2016 MT 116N

IN RE THE MARRIAGE OF:

CRISTINA STEARNS,
n/k/a Cristina Lauchengco,

      Petitioner and Appellee,

  v.

DAVID STEARNS,

      Respondent and Appellant.

APPEAL FROM:    District Court of the Eleventh Judicial District,
In and For the County of Flathead, Cause No. DR 12-415A
Honorable Ted O. Lympus, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

            Katherine P. Maxwell, Maxwell Law, PLLC, Kalispell, Montana

      For Appellee:

            Kira I. Evans, George B. Best, Best & Westover Law Office,
Kalispell, Montana

Submitted on Briefs:  March 23, 2016

Decided:  May 17, 2016

Filed:

                                      Clerk

FILED

May 17 2016

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 15-0497

Justice Patricia Cotter delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by unpublished opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 David Stearns and Cristina Lauchengco met in February 1996 in the Philippines where Cristina was born and lived with her family. At the time, Cristina was 20 years old and David was 40. In October 1996, Cristina moved to the United States on a fiancée visa and the parties married in December 1996. Their daughter Maelyn was born in November 1997. The couple originally resided in California where David owned an automobile body shop and rental property. In 2000, the family moved to Kalispell, Montana, and David sold his body shop business but retained ownership of the California rental property. In May 2012, the parties separated and in July 2012, Cristina filed for dissolution. The Eleventh Judicial District Court issued its decree of dissolution on August 11, 2015. David appeals, asserting various errors by the court. We affirm.

¶3 David challenges the District Court's verbatim adoption of Cristina's proposed findings of fact and conclusions of law. He also asserts the District Court improperly considered Cristina's allegations of "marital misconduct" by David as a factor when dividing the parties' property, resulting in an erroneous valuation and distribution of the marital estate. David objects to the court's failure to enter a parenting plan/medical

2

support order and, lastly, claims the court erred in requiring that he pay Cristina's attorney's fees and costs.

¶4 Section 40-4-202, MCA, governs the division of property in a marital dissolution case. We have repeatedly held that § 40-4-202, MCA, vests district courts with broad discretion when equitably distributing the marital estate. *In re Marriage of Swanson*, 2004 MT 124, ¶ 12, 321 Mont. 250, 90 P.3d 418. We review a district court's findings of fact in a dissolution proceeding for error and absent clearly erroneous findings or abuse of discretion, we will affirm a district court's division of property. *Swanson*, ¶ 12. We review a district court's award of attorney's fees in a dissolution action for an abuse of discretion. *Swanson*, ¶ 13.

¶5 Upon moving to Montana, the couple purchased a home. During the marriage, they acquired boats, snowmobiles, motorized bikes, vehicles, a backhoe, and various tools and equipment. Additionally, they purchased 5 acres of undeveloped real property in Kalispell and 20 acres in Eureka, Montana. The District Court valued the marital estate at $1,206,320. This value included David's rental property in California valued at $600,000. The court awarded the rental property to David and subtracted its value from the marital estate. The court then divided the remaining marital property, with assets totaling $244,920 being awarded to Cristina, and assets totaling $361,400 being awarded to David. To achieve a more equitable distribution and based upon David's ownership of income-generating rental property and receipt of a recent inheritance, the court ordered David to make a one-time payment of $58,240 to Cristina, in lieu of awarding her maintenance. This resulted in an even $303,160 distribution to each party.

¶6 We first address the District Court's valuation and distribution of the marital estate. David maintains that the court's frequent reference in its findings to David's alleged controlling and threatening behavior throughout the marriage resulted in a distribution designed by the District Court to "financially punish" David for his "egregious behavior" toward Cristina. Section 40-4-202, MCA, expressly states that the "court, without regard to marital misconduct, shall . . . equitably apportion . . . property and assets" belonging to the parties. We do not attribute the District Court's findings pertaining to conduct during the marriage as evidence of intent to punish David. Irrespective of those particular findings, we review the court's findings on valuation and distribution of the marital estate to determine if they are supported in the record.

¶7 David challenges the valuations assigned by the District Court for several marital assets, including real property and vehicles. We note, however, that the values attributed by the District Court were equal or similar to values either presented by David for those items in his financial disclosure statement filed in March 2013, or by David's Exhibit W submitted on June 2, 2015, or by Kelley Blue Book printouts submitted by Cristina. As the value of these assets was supported by evidence in the record, the court's findings were not clearly erroneous.

¶8 David also claims the court erred by awarding him a $25,000 value for numerous firearms that he claims were totally destroyed by fire. Although David and his friend testified that a fire at his friend's house had destroyed the weapons, the evidence on the issue was confusing and tended to suggest that his friend actually owned the guns when the fire occurred. It was within the province of the court to accept or reject this

4

speculative testimony. Moreover, the court had before it sufficient evidence to extrapolate a value of $25,000 for all the weapons David claimed to have owned. Therefore, the court's valuation of the firearms and assignment of the value to David was within the court's discretion.

¶9 The District Court acknowledged in its dissolution decree that Maelyn had graduated from high school and would turn 18 within 90 days of the decree. Based upon testimony from Cristina, David, and Maelyn during the three-day dissolution hearing, the court agreed that Maelyn would continue to reside with David and he would continue to provide for her care and support. Given the circumstances of the parties, the court did not impose a child or medical support obligation on Cristina, nor did it establish a parenting plan. This was premised in large part on Maelyn's imminent age of majority and her being a high school graduate. Section 40-4-208(5), MCA, provides "[p]rovisions for the support of a child are terminated by emancipation of the child or the child's graduation from high school . . . whichever occurs later." Additionally, based upon the District Court's finding that Cristina has been supporting herself on a shipping clerk's salary of approximately $22,000-$23,000 since the separation, it was not an abuse of the court's discretion to decline to impose a child and medical support obligations on Cristina.

¶10 Section 40-4-110, MCA, authorizes a district court, under certain circumstances, to order one party to pay the other party's reasonable professional fees. The court observed that David had maintained control over the monetary assets in the estate since the parties separated, and had provided no financial assistance to Cristina since 2012. The court further noted that David held and retained all of the income-generating

property in the marital estate. Premised upon these findings, the court ordered David to pay Cristina's attorney's fees and costs. We conclude this was not an abuse of discretion.

¶11 While we discourage district courts from verbatim adoption of one party's proposed findings and conclusions, we have held that "such an action is not *per se* error." *Wurl v. Polson Sch. Dist. No. 23*, 2006 MT 8, ¶ 29, 330 Mont. 282, 127 P.3d 436. In *In re Marriage of Sessions*, 231 Mont. 437, 439, 753 P.2d 1306, 1307 (1988), we explained that verbatim adoption of a party's proposed findings is not legal error providing the district court's decision is supported by law and evidence. As discussed above, the District Court's findings in the case are supported by the law and evidence and its adoption of Cristina's proposed findings is not error.

¶12 David finally argues that the District Court failed to make "complete and accurate findings" vis-à-vis the factors set forth in § 40-4-202, MCA, and failed to address the fact that "the entirety of the marital estate was premarital or inherited." Having determined that the District Court's findings are equitable, sufficient, supported by the evidence, and not clearly erroneous, and that the court's rulings do not constitute an abuse of discretion, we decline to address David's remaining assertions. We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for unpublished opinions. In the opinion of this Court, this case presents questions clearly controlled by settled law.

¶13    For the foregoing reasons, we affirm the District Court's August 2015 Findings of

Fact, Conclusions of Law and Decree of Dissolution.


/S/ PATRICIA COTTER

We Concur:


/S/ BETH BAKER
/S/ LAURIE McKINNON
/S/ MICHAEL E WHEAT
/S/ JIM RICE